THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE BANKS, JR., Defendant-Appellant.

Fifth District   No. 5—89—0570

Opinion filed April 10, 1991.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Willie Banks, Jr., appeals from his sentence to natural life imprisonment as a habitual criminal following his conviction in the circuit court of Madison County for the offense of armed robbery. Defendant had been previously convicted of three armed robberies (committed in a single course of conduct) in 1973 and a fourth armed robbery in 1978.

Defendant was convicted of the instant armed robberies (two counts) on January 26, 1989, following a bench trial before the circuit court of Madison County. On April 11, 1989, the State filed a notice of former convictions under section 33B—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 33B—2) seeking adjudication and sen-

tencing of defendant as a habitual criminal. On April 25, 1989, a hearing was held to determine whether the defendant qualified as a habitual criminal. On August 15, 1989, the court issued written findings that the requirements of the habitual criminal statute had been satisfied. Defendant was adjudged a habitual criminal and sentencing was set for August 22, 1989. At the sentencing hearing, defendant was sentenced to a term of imprisonment of natural life as required by section 33B—1(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 33B—1(e)).

On appeal, defendant concedes that, on the face of the record, he apparently qualifies as a habitual criminal. However, he argues that such an adjudication is not appropriate in the instant case because, at the time of his first convictions for armed robbery, he was only 15 years of age. Although still a juvenile at that time, he was tried and sentenced as an adult. Defendant argues that to use a conviction obtained while he was a juvenile to adjudicate him a habitual criminal and impose a life sentence is contrary to the legislative intent of the habitual criminal statute because it constitutes a doubly enhanced penalty. He argues that he received an enhanced penalty for the 1973 armed robberies because he was tried and sentenced as an adult. To now use that enhanced criminal conviction to enhance his sentence for the instant armed robbery to a life term under the habitual criminal statute is, he argues, a prohibited double enhancement. (See *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627.) He further argues that it is not reasonable to suppose that the legislature intended to include offenses committed as a juvenile to qualify one for habitual criminal sentencing and that if that was the legislature's intent, it would be more clearly expressed. Finally, he asks that his adjudication and sentence as a habitual criminal be vacated and that this matter be remanded for resentencing.

The precise issue presented by defendant is not addressed in the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 801—1 *et seq.*), the Criminal Code of 1961 or the case law to date. However, a very similar issue was addressed in *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 472 N.E.2d 802. *Fitzsimmons* involved an argument identical to that presented in the instant case but pertaining to section 5—5—3(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(c)(2)). That section provides that one convicted of a Class 2 or greater felony is not eligible for probation if he has formerly been convicted of a Class 2 or greater felony within 10 years. In such a situation, no less than the minimum term of imprisonment for the particular felony is mandatory. The defendant in *Fitzsimmons*

had committed a Class 2 felony when he was only 14 years old, but had been tried and sentenced as an adult. Upon his subsequent conviction for a Class 2 felony, the trial court sentenced the defendant to probation despite the State's protestation that he was not eligible under section 5—5—3(c)(2). The trial court held that, because the first conviction occurred while defendant was a juvenile, the first conviction was not the type that the statute contemplated as foreclosing probation. The State filed a petition for *mandamus* to require the trial court to impose a sentence of imprisonment.

The supreme court held that the prior conviction required to bring section 5—5—3(c)(2) into play encompassed a conviction under the criminal code while the offender was a juvenile. It held that no distinction is drawn between convictions rendered while the defendant was a juvenile and those which occur after the defendant is no longer subject to the authority of the juvenile court.

■ Defendant argued that to apply section 5—5—3(c)(2) to him would constitute a double enhancement of a penalty because the section of the Juvenile Court Act allowing trial as an adult (Ill. Rev. Stat. 1981, ch. 37, par. 702—7(3), now Ill. Rev. Stat. 1989, ch. 37, par. 805—4) is an enhancing statute, as is section 5—5—3(c)(2). Defendant argued that the legislature could not have intended such a double enhancement. The supreme court held that, while double enhancement of a penalty is not permitted without a clear indication of a legislative intent to accomplish that result, and that the slightest ambiguity in a statute calling for double enhancement prohibits double enhancement, in the case before the court, the statute's meaning was clear and unambiguous. Thus, the fact that the penalty imposed might be the result of a double enhancement had no bearing on the construction of the plain meaning of the statute.

We think the instant case is remarkably similar to *Fitzsimmons*. Indeed, the supreme court in *Fitzsimmons* distinguished the same cases relied upon by defendant in the case at bar. Section 33B—2 is unambiguous and clear in its meaning. Any conviction may be used as a former conviction under the habitual criminal statute. No exception is made for convictions obtained while the defendant was a juvenile. We see no indication in the Juvenile Court Act or the Criminal Code of 1961 that criminal convictions obtained while the defendant is a minor should be treated any differently than criminal convictions of an adult. It seems to us that a conviction is a conviction. So the supreme court held in *Fitzsimmons*.

Defendant argues that the instant case is distinguishable from *Fitzsimmons* because in the instant case the penalty for being ad-

judged a habitual criminal is very severe, while the penalty in *Fitzsimmons* merely involved the denial of probation. Defendant argues that the legislature could not have intended that a crime committed while a defendant was a juvenile might one day result in sentencing to a term of life imprisonment. We reiterate that we find no ambiguity in the language of section 33B—2. It seems clear to us that the legislature intended that any conviction would serve to qualify a defendant as a habitual criminal.

There is another reason we do not believe that defendant's sentence as a habitual criminal constitutes impermissible double enhancement, a reason not addressed by the supreme court in *Fitzsimmons*. In *Fitzsimmons*, the supreme court assumed for the sake of argument, but did not hold as a matter of law, that the predecessor of section 5—4 of the Juvenile Court Act, which allows certain minors to be tried as adults, was an enhancement provision. (Ill. Rev. Stat. 1989, ch. 37, par. 805—4.) We do not believe that section 5—4 of the Juvenile Court Act constitutes an enhancement provision.

In the typical enhancement provision, the classification of an offense, or the penalty to be imposed therefore, is increased by virtue of some element of, or fact inherent in or related to, the offense. For example, battery, a misdemeanor, may be enhanced to aggravated battery, a felony, by virtue of commission of the offense while armed with a dangerous weapon, or the infliction of great bodily harm. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—3, 12—4.) The offense of armed violence may be increased from a Class 2 felony to a Class 1 felony if it is a second or subsequent violation. (Ill. Rev. Stat. 1989, ch. 38, par. 33A—3.) Misdemeanor theft may be increased to a felony by virtue of a prior conviction or theft of property having a value greater than $300. Ill. Rev. Stat. 1989, ch. 38, par. 16—1.

However, under section 5—4 of the Juvenile Court Act, neither the penalty for, nor the classification of, the offense committed is increased. Section 5—4 merely allows transfer of the case from one court system to another. Furthermore, allowance of this transfer is not based on any fact or element inherent in or necessarily related to the offense itself. Section 5—4 grants a juvenile court judge discretion to permit prosecution of a minor over the age of 13 years under the criminal laws upon consideration of the following matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the juvenile court

for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority. (Ill. Rev. Stat. 1989, ch. 37, par. 805—4(3)(b).) Once the determination is made to transfer the case from the juvenile court to the criminal court, the offender is treated in every way as an adult. However, we do not believe that this constitutes an enhancement of either the offense or the penalty therefor. Accordingly, we do not believe that allowing a criminal conviction, obtained against a minor who has been transferred to criminal court under section 5—4 of the Juvenile Court Act, to be used as a basis to adjudicate that defendant a habitual criminal under section 33B—2 of the Criminal Code of 1961 constitutes a double enhancement.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.