# Illinois Official Reports

## Appellate Court

---

### *People v Miles*, 2020 IL App (1st) 180736

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEUNTAE MILES, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>No. 1-18-0736 |
| Filed<br>Rehearing denied | January 17, 2020<br>March 25, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CR-9573; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Sentence vacated; remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Douglas R. Hoff, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

¶ 1 Following a bench trial, defendant Keuntae Miles was convicted of burglary (720 ILCS 5/19-1(a) (West 2016)) and sentenced, based on his criminal history, as a Class X offender to six years and six months in prison, to be followed by three years of mandatory supervised release (MSR). On appeal, defendant contends that his criminal history did not qualify him for Class X sentencing. For the reasons that follow, we vacate defendant's sentence and remand for resentencing.

¶ 2 Defendant's conviction arose from the events of June 9, 2016. At trial, the State introduced evidence that on that date defendant broke into a dollar store with the intent to commit a theft. The trial court found defendant guilty of burglary, a Class 2 felony, and subsequently denied his posttrial motion.

¶ 3 At sentencing, the State indicated that, based on two prior felony convictions, defendant was "Class X mandatory." The two felony convictions to which the State was referring were (1) a 2006 conviction for aggravated vehicular hijacking with a firearm and armed robbery committed on June 25, 2005, when defendant was 15 years old, and (2) a 2014 conviction for possession of a controlled substance committed on October 9, 2014, when defendant was 24 years old. Defense counsel acknowledged the State's position that Class X sentencing was mandatory but stated that it was "[a] situation that if he would have been arrested and charged with the same thing that he was arrested and charged with in 2005 today, if he would have been 15 years old and charged with that vehicular hijacking and armed robbery case today, he would have never been prosecuted as an adult. He would have been treated as a juvenile."

¶ 4 In aggravation, the State argued that defendant's background and the facts of the case merited a sentence of "time" in the Illinois Department of Corrections. After presenting arguments in mitigation, defense counsel reiterated that defendant was 15 when he committed his first felony and asked that her client be given the minimum sentence. The trial court sentenced defendant to six years and six months in prison, to be followed by three years of MSR. Defense counsel made an oral motion to reconsider sentence, which the trial court denied.

¶ 5 On appeal, defendant contends that his criminal history did not qualify him for Class X sentencing. Defendant's contention is based on the language of section 5-4.5-95(b) of the Unified Code of Corrections, which provides that, when a defendant over the age of 21 is convicted of a Class 1 or Class 2 felony, Class X sentencing is mandatory if he has twice been convicted "of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony." 730 ILCS 5/5-4.5-95(b) (West 2016).

¶ 6 Defendant does not challenge his 2014 felony conviction as a qualifying prior offense under the statute. But he asserts that his 2006 felony conviction, which was committed when he was 15 years old, is not a qualifying prior conviction. He argues as follows:

"A 15-year-old would not automatically be tried as an adult for armed robbery in Illinois in 2016 because, in 2013, the Legislature amended the Juvenile Court Act to exclude them from adult court jurisdiction: 'Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State.'

720 [*sic*] ILCS 405/5-120 (West 2013 [*sic*]); Pub. Act 98-61 (eff. January 1, 2014) [(amending 705 ILCS 405/5-120)]. Therefore, at the time of the current offense, the armed robbery [defendant] committed when he was 15 did not qualify as a Class 2 or greater felony and, could not be used to make him a mandatory Class X offender."

Section 5-130 of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2014)), referenced in defendant's argument, also has been amended since 2006. In 2006, section 5-130, titled "Excluded jurisdiction," provided that the definition of "delinquent minor" did not apply to any minor who, at the time of an offense, was at least 15 years of age and who was charged with specific enumerated offenses, including armed robbery with a firearm and aggravated vehicular hijacking with a firearm. 705 ILCS 405/5-130(1)(a) (West 2006). Effective January 1, 2016, the legislature amended section 5-130 to, *inter alia*, raise the age of excluded minors to "at least 16" and remove armed robbery with a firearm and aggravated vehicular hijacking with a firearm from the list of enumerated offenses that would disqualify offenders from the definition of "delinquent minor." See Pub. Act 99-258, § 5 (eff. Jan. 1, 2016) (amending 705 ILCS 405/5-130).

¶ 7        In essence, defendant's position is that, due to amendments to the Juvenile Court Act that took effect after 2006 but before June 9, 2016, his 2006 conviction is not "an offense now [on June 9, 2016] classified in Illinois as a Class 2 or greater Class felony." Rather, according to his argument, it is an offense that on June 9, 2016, would have been resolved with delinquency proceedings in juvenile court and would not have been subject to criminal laws.

¶ 8        As an initial matter, we note that defendant has forfeited this issue because he did not include it in a postsentencing motion. Nevertheless, defendant asserts that the issue may be reached as a matter of plain error or because trial counsel was ineffective for failing to preserve the argument for appeal. We agree with defendant that plain error applies. Under the plain error doctrine, a reviewing court may excuse a party's procedural default if a clear or obvious error has occurred and either (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Staake*, 2017 IL 121755, ¶ 31. A sentence that is not statutorily authorized affects a defendant's substantial rights and is reviewable as second prong plain error. *People v. Foreman*, 2019 IL App (3d) 160334, ¶¶ 41-42 (plain error doctrine allowed review of the defendant's claim that a prior conviction did not constitute a qualifying prior offense for Class X sentencing). However, before we consider application of the plain error doctrine, we must determine whether any error occurred. *People v. Wooden*, 2014 IL App (1st) 130907, ¶ 10. This is because " 'without error, there can be no plain error.' " *Id.* (quoting *People v. Smith*, 372 Ill. App. 3d 179, 181 (2007)).

¶ 9        Whether defendant's 2006 conviction constitutes a qualifying prior offense for purposes of mandatory Class X sentencing involves a question of statutory construction. As such, it is a question of law subject to *de novo* review. *People v. Baskerville*, 2012 IL 111056, ¶ 18. The primary objective when interpreting a statute is to ascertain and give effect to the intent of the legislature. *Id.* The best indicator of this intent is the statute's language, which is to be given its plain and ordinary meaning. *Id.* In determining the plain meaning of a statute, a court must consider the statute in its entirety and be mindful of the subject it addresses and the legislature's purpose in enacting it. *Id.* A court may not depart from the plain meaning of a statute and read

into it exceptions, limitations, or conditions that are in conflict with the express legislative intent. *Id.* Only when the language of a statute is ambiguous may a court consider extrinsic aids, such as legislative history, to determine the meaning of the statutory language. *Foreman*, 2019 IL App (3d) 160334, ¶ 43.

¶ 10 The statute at issue here is section 5-4.5-95(b) of the Unified Code of Corrections (Code), which falls under the heading "General Recidivism Provisions" (capitalization adjusted) and provides as follows:

> "(b) When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2016).

This court has previously found that the language of this statutory section "is clear and unambiguous," and that its "focus is on the elements of the prior offense." *Foreman*, 2019 IL App (3d) 160334, ¶ 46. Because the statute is unambiguous, we need not consider its legislative history. *Id.* ¶ 43.

¶ 11 We agree with defendant that because his 2006 conviction, had it been committed on June 9, 2016, would have been resolved with delinquency proceedings in juvenile court rather than criminal proceedings, it is not "an offense now *** classified in Illinois as a Class 2 or greater Class felony" and, therefore, is not a qualifying offense for Class X sentencing. In arguing against this conclusion, the State asserts that, even if defendant's 2006 conviction had been a juvenile court delinquency adjudication, our supreme court held in *People v. Jones*, 2016 IL 119391, ¶ 42 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), that juvenile adjudications fall within *Apprendi*'s "prior conviction" exception and can be used to enhance a defendant's sentence. The State's reliance on *Jones* is in error because that case involved a statute that, unlike section 5-4.5-95(b), specifically provided for the consideration of juvenile adjudications.

¶ 12 In *Jones*, the defendant had been sentenced to an extended-term sentence based on a prior juvenile adjudication of delinquency. *Id.* ¶ 1. The issue presented to our supreme court was whether a prior juvenile delinquency adjudication was the equivalent of a prior conviction for purposes of extended-term sentencing under *Apprendi* and whether such a fact must have been alleged in the indictment and proved beyond a reasonable doubt. *Id.* ¶ 9. To resolve this issue, the *Jones* court looked to section 5-5-3.2 of the Code (730 ILCS 5/5-5-3.2 (West 2010)), which sets forth various factors to be considered as reasons to impose an extended-term sentence. *Jones*, 2016 IL 119391, ¶ 12. The factor relevant in *Jones* appeared in subsection (b)(7), which provides as follows:

> "(7) When a defendant who was at least 17 years of age at the time of the commission of the offense is convicted of a felony and has been previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a Class X or Class 1 felony when the conviction has occurred within 10 years after the previous adjudication, excluding time spent in custody[.]" 730 ILCS 5/5-5-3.2(b)(7) (West 2010).

¶ 13    The *Jones* court observed that, because the defendant had been adjudicated delinquent of the offense of residential burglary, section 5-5-3.2(b)(7) authorized the circuit court to impose an extended-term sentence. *Jones*, 2016 IL 119391, ¶ 12. The *Jones* court then went on to hold that, "[f]or purposes of extended-term sentencing," a juvenile adjudication is no less valid or reliable a form of recidivism than is a prior conviction (*id.* ¶ 29) and that the State was not required to allege the fact of the defendant's juvenile adjudication in the indictment or to prove its existence beyond a reasonable doubt, as the juvenile adjudication fell within *Apprendi*'s prior-conviction exception (*id.* ¶ 33).

¶ 14    Unlike *Jones*, the instant case does not involve extended-term sentencing based on a defendant's criminal background. Rather, this case involves recidivism-based Class X sentencing. The statute at issue in *Jones* specifically provides for the consideration of prior juvenile adjudications as a reason for imposing an extended-term sentence. See 730 ILCS 5/5-5-3.2(b)(7) (West 2016). In contrast, the statute at issue here is silent with regard to adjudications of delinquency. See *id.* § 5-4.5-95(b). We find this difference dispositive. "When the legislature decides to authorize certain sentencing enhancement provisions in some cases, while declining to impose similar limits in other provisions within the same sentencing code, it indicates that different results were intended." *People v. Bailey*, 2015 IL App (3d) 130287, ¶ 13.

¶ 15    Moreover, in *People v. Taylor*, 221 Ill. 2d 157, 159, 163, 173 (2006), our supreme court distinguished the question of the constitutionality of using juvenile adjudications as functional equivalents of convictions for enhancement purposes under *Apprendi* from the question of whether juvenile adjudications constitute "convictions" under the Criminal Code of 1961. In doing so, the *Taylor* court observed that, in the absence of a statute expressly defining a juvenile adjudication as a conviction, Illinois courts have consistently held that juvenile adjudications do not constitute convictions. *Id.* at 176. Noting that "[i]t is readily apparent that the legislature understands the need for specifically defining a juvenile adjudication as a conviction when that is its intention," the *Taylor* court found that because the legislature had not done so in the statutory sections at issue in that case, it was "constrained to find that [the legislature] had no intent to do so." *Id.* at 178.

¶ 16    The statute providing for Class X sentencing by background, section 5-4.5-95(b), is limited by its plain language to prior "convictions." 730 ILCS 5/5-4.5-95(b) (West 2016). Conversely, the statute providing for background-based extended-term sentencing, section 5-5-3.2(b), specifically authorizes the use of juvenile adjudications in addition to convictions. *Id.* § 5-5-3.2(b)(1), (7). The subsection allowing the use of juvenile adjudications for this purpose is necessary precisely because juvenile adjudications are not convictions.

¶ 17    The State's assertion that juvenile adjudications fall within *Apprendi*'s "prior conviction" exception and can be used to enhance a defendant's sentence is misguided. A juvenile adjudication is not a criminal conviction in Illinois, except where specifically provided by law. See *Taylor*, 221 Ill. 2d at 176, 178-79. *Apprendi* may indeed permit the use of a juvenile adjudication to extend a sentence without proving that adjudication beyond a reasonable doubt. See *Jones*, 2016 IL 119391, ¶ 28. But this is so only because section 5-5-3.2(b)(7) specifically allows prior juvenile adjudications to be considered as grounds for imposing an extended-term sentence. That the legislature added this specific provision to section 5-5-3.2(b) reinforces the point that it also could have expressly allowed juvenile adjudications to be used to impose background-based Class X sentences under section 5-4.5-95(b) had it intended that result.

Where the legislature did not include such language in section 5-4.5-95(b), we cannot find that prior juvenile adjudications may be used to qualify defendants for Class X sentencing.

¶ 18    We are mindful of the State's argument, made in passing, that under the "Habitual Criminal Statute," any conviction may be used as a former conviction, and that no exception is made for convictions obtained while the defendant was a juvenile. In making this argument, the State cites to this court's opinions in *People v. Bryant*, 278 Ill. App. 3d 578 (1996), and *People v. Banks*, 212 Ill. App. 3d 105 (1991). Neither of these cases changes our analysis.

¶ 19    In *Banks*, 212 Ill. App. 3d at 105-06, the defendant was adjudicated a habitual criminal. The adjudication was made pursuant to the Habitual Criminal Act, which provided, in relevant part, that a defendant who had been "twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder," be adjudged an habitual criminal. Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-1 (now codified at 730 ILCS 5/5-4.5-95(a) (West 2016)). On appeal, the defendant in *Banks* contended that the adjudication was inappropriate because he committed the crimes underlying three of his four prior convictions for armed robbery when he was only 15 years old. *Banks*, 212 Ill. App. 3d at 106. This court rejected that argument, stating as follows:

> "Any conviction may be used as a former conviction under the habitual criminal statute. No exception is made for convictions obtained while the defendant was a juvenile. We see no indication in the Juvenile Court Act or the Criminal Code of 1961 that criminal convictions obtained while the defendant is a minor should be treated any differently than criminal convictions of an adult. It seems to us that a conviction is a conviction." *Id.* at 107.

¶ 20    In *Bryant*, 278 Ill. App. 3d at 580, the defendant was adjudicated a habitual criminal pursuant to the Habitual Criminal Act (720 ILCS 5/33B-1 (West 1992)) and sentenced to life in prison. His two prior convictions were for armed robberies committed when he was 16 years old. *Bryant*, 278 Ill. App. 3d at 582. On appeal, the defendant contended that his sentence constituted an unconstitutional double enhancement because the trial court determined that his guilty pleas in cases which were transferred from juvenile court constituted a former conviction for purposes of the Habitual Criminal Act. *Id.* at 586. This court found the argument to be without merit, noting that the Habitual Criminal Act referenced " '[a]ny convictions.' " *Id.* (quoting 720 ILCS 5/33B-1(c) (West 1992)). Citing *Banks*, the *Bryant* court summarily concluded, "This includes convictions obtained while a defendant was a juvenile." *Id.* (citing *Banks*, 212 Ill. App. 3d 105).

¶ 21    The *Banks* and *Bryant* courts were presented with arguments focusing solely on the defendants' status as minors at the time they committed their prior armed robberies, and the decisions in both cases rested on the *Banks* court's finding that nothing in the Juvenile Court Act or the Criminal Code of 1961 indicated that criminal convictions of a minor should be treated any differently than criminal convictions of an adult. *Banks*, 212 Ill. App. 3d at 107; *Bryant*, 278 Ill. App. 3d at 586. The instant case presents a different scenario. Here, defendant's argument does not rely solely on his age. Instead, his position hinges on the legislature's 2016 amendment to section 5-130 of the Juvenile Court Act, which had the effect of vesting the juvenile court with exclusive jurisdiction over minors who are charged with armed robbery or aggravated vehicular hijacking—two crimes that had, prior to the amendment, disqualified

minors from juvenile jurisdiction. See Pub. Act 99-258 (eff. Jan. 1, 2016) (amending 705 ILCS 405/5-130). This amendment provides some indication—absent at the time *Banks* and *Bryant* were decided—that the legislature intended that minors who commit armed robbery or aggravated vehicular hijacking should be treated differently than adults charged with those crimes. Because *Banks* and *Bryant* predate the 2016 amendment to the Juvenile Court Act, they do not dictate a decision in the instant case.

¶ 22    Had defendant committed his 2005 offense under the laws in effect on June 9, 2016, the juvenile court would have had exclusive jurisdiction. See *id.* The offense would have led to a juvenile adjudication rather than a Class 2 felony conviction. As such, we find that defendant's 2005 offense is not "an offense now *** classified in Illinois as a Class 2 or greater Class felony" and should not have been considered a qualifying offense for Class X sentencing by background. Where the Class X sentence was not statutorily authorized and affected defendant's substantial rights (see *Foreman*, 2019 IL App (3d) 160334, ¶ 42), the trial court committed plain error in sentencing defendant as a Class X offender based on his criminal background.

¶ 23    As relief, defendant has requested that this court correct the mittimus to remove any reference to him as a Class X offender and reduce his term of MSR from three years to two. Defendant reasons that he has been released from the Illinois Department of Corrections and that a simple correction of the mittimus would serve the interests of judicial economy. However, although defendant was paroled on June 20, 2019, the Illinois Department of Corrections lists his offender status as "absconder" and his current projected discharge date as "to be determined." Illinois Department of Corrections, Internet Inmate Status, https://www. idoc.state.il.us/subsections/search/inms_print.asp?idoc=M18482 (last visited Jan. 13, 2020) [https://perma.cc/C645-JTJ2]. In light of this status, we believe the better course is to vacate defendant's Class X sentence and remand to the circuit court for resentencing as a Class 2 offender.

¶ 24    For the reasons explained above, we vacate defendant's Class X sentence. We remand to the circuit court for resentencing as a Class 2 offender.

¶ 25    Sentence vacated; remanded.