2020 IL App (1st) 181012-U

THIRD DIVISION
September 30, 2020

No. 1-18-1012

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 15706 |
| | ) | |
| ORLANDAS MARTIN, | ) | Honorable |
| | ) | Dennis J. Porter, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

ORDER

¶ 1   *Held*:  The judgment of the circuit court of Cook County finding defendant was eligible for Class X sentencing is vacated; a prior felony offense was committed when defendant was 17 years of age, therefore, it was not a qualifying conviction for Class X sentencing under section 5-4.5-95(b) of the Unified Code of Corrections (Code).

¶ 2   Defendant was convicted of possession of a controlled substance with intent to deliver stemming from events which occurred on September 23, 2016.  The trial court found defendant was eligible for Class X sentencing based on his prior felony convictions, including two prior convictions for possession of a controlled substance when he was 17 years of age.  Defendant was sentenced to 6 years' imprisonment followed by three years of mandatory supervised release.  On appeal defendant argues the trial court should not have considered his 2011

convictions as qualifying him for Class X sentencing because he was 17 years old when he was convicted and, had he committed those offenses at the time of this current offense, he would have been adjudicated delinquent as a juvenile, not convicted as an adult. Defendant asks this court to vacate his Class X sentence and correct the mittimus to show a conviction of a Class 1 felony with a sentence of 2 years mandatory supervised release.

¶ 3     The sentencing issue raised by defendant in this case was raised in this court's recent decision in *People v. Miles*, 2020 IL App (1st) 180736. We will follow the well-reasoned decision in *Miles* to resolve the issues in this case. Therefore, we vacate defendant's Class X sentence, correct the sentence to reflect 2 years mandatory supervised release based on Class 1 sentencing, and direct the clerk of the circuit court to correct the mittimus accordingly.

¶ 4                                    BACKGROUND

¶ 5     Following a bench trial, defendant, Orlandas Martin, was found guilty of possession of a controlled substance with intent to deliver more than one gram but not more than fifteen grams of cocaine, a Class 1 offense.

¶ 6     Defendant's conviction stems from events which occurred on September 23, 2016 when defendant was observed by Chicago police officers engaging in three separate transactions in which money was exchanged for objects defendant removed from his pant's pocket. When officers approached him, defendant fled. A chase ensued during which defendant was observed by officers removing a clear bag from his pocket which he threw into an open window of a parked vehicle. Defendant was subsequently apprehended. The bag defendant threw was also recovered and found to contain 1.2 grams of cocaine. Defendant was found guilty of possession of a control substance with intent to deliver.

¶ 7    At sentencing, the parties agreed defendant's criminal background qualified him for Class X sentencing. Defendant's presentence investigation report indicated that on July 11, 2011, when defendant was 17 years old, he was convicted of a Class 1 felony—delivery of a controlled substance in case number 11 CR 5641—and a second Class 1 felony—delivery of a controlled substance in case number 11 CR 7935. The report further indicated that on April 11, 2013, defendant was convicted of a Class 1 felony and a Class 2 felony in two separate drug cases.

¶ 8    Based on this criminal history, the trial court sentenced defendant as a Class X offender and sentenced him to the minimum term of 6 years in the Illinois Department of Corrections followed by a three year period of supervised release mandated for individuals sentenced as Class X offenders. Defendant did not contest being sentenced as a Class X offender in the trial court.

¶ 9    This appeal followed.

¶ 10                              ANALYSIS

¶ 11    Defendant appeals his sentence under the Class X sentencing statute. He contends his 2011 conviction was not a qualifying conviction for purposes of Class X sentencing under section 5-4.5-95(b) of the Code (730 ILCS 5-4.5-95(b) (West 2018)). Defendant argues because he was 17 years old when his 2011 drug offenses were committed his convictions for these Class 1 felonies would, at the time of his 2016 offense, fall under the exclusive jurisdiction of the juvenile court. Therefore, his 2011 offenses would have resulted in a delinquency finding and not a conviction as required for Class X sentencing. Alternatively, defendant argues the Class X sentencing statute is ambiguous and should be interpreted under the rule of lenity and with regard to the legislative history relevant to the statutes at issue to find that a conviction based on juvenile conduct does not trigger mandatory Class X sentencing. As stated earlier, many of the issues raised in this case were decided in *Miles* which we will follow.

¶ 12                                    Plain-Error Doctrine

¶ 13    As acknowledged by defendant, his arguments on appeal were not properly preserved. However, defendant argues his claims are reviewable under the second prong of the plain-error doctrine. We agree with defendant.

¶ 14    "The plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Glasper*, 234 Ill. 2d 173, 203 (2009) quoting *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). Plain error will only be found in exceptional circumstances in which "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Internal quotation marks omitted.) *People v. Sharp*, 391 Ill. App. 3d 947, 957-58 (2009).

¶ 15    In this case defendant argues his sentence is not authorized by statute. "A sentence that is not statutorily authorized affects defendant's substantial rights and is reviewable as second prong plain error." *Miles*, 2020 IL App (1st) 180736, ¶ 8 (excusing forfeiture under second prong plain-error where the defendant was improperly subject to Class X sentencing based on a non-qualifying prior offense). We will follow *Miles* and review defendant's claims as second prong plain-error.

¶ 16                Class X Sentencing and Section 5-120 of the Juvenile Court Act

¶ 17    At issue here is section 5-4.5-95(b) of the Code entitled "General Recidivism Provisions" which governs when a defendant is to be sentenced as a Class X offender. Specifically, section 5-4.5-95(b) states as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, except for an offense listed in subsection (c) of this Section, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, except for an offense listed in subsection (c) of this Section, and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second." 730 ILCS 5/5-4.5-95(b) (West 2018).

¶ 18    Also relevant is the 2014 amendment to section 5-120 of the Act entitled "Exclusive Jurisdiction" which raised the age of the juvenile court's exclusive jurisdiction from minors 17 and older to minors under the age of 18. See 705 ILCS 405/5-120 (West 2010); see also 705 ILCS 405/5-120 (West 2014). Section 5-120 of the Act, as amended, provides as follows:

"Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to his or her 18th birthday has violated or attempted to violate, regardless of where the act occurred, any federal, State, county or municipal law or ordinance. Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under

18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State.

The changes made to this Section by this amendatory Act of the 98th General Assembly apply to violations or attempted violations committed on or after the effective date of this amendatory Act." 705 ILCS 405/5-120 (West 2016).[1]

¶ 19     We agree with the *Miles* court's interpretation of the statutes at issue and follow their reasoning in our resolution of this appeal.

¶ 20     In *Miles*, the defendant was convicted and sentenced as a Class X offender. *Miles*, 2020 IL App (1st) 180736, ¶ 1. One of the two prior convictions used to impose Class X sentencing was a 2006 conviction for an offense committed in 2005 when the defendant was 15 years old. *Id*. at ¶ 3. On appeal, the defendant argued this conviction did not qualify as a prior conviction under section 5-4.5-95(b) of the Code qualifying him for Class X sentencing. *Id*. at ¶ 1. The defendant conceded he had one qualifying prior felony conviction from 2013 and did not contest that his 2006 conviction, at the time of the conviction, was classified as a Class 2 or greater felony conviction. *Id*. at ¶ 6.

¶ 21     However, the defendant argued amendments to the Act since his 2006 conviction had the effect of excluding a 15-year old, as he was at the time of his prior offense, from prosecution in adult court. *Id*. at ¶ 2. Therefore, had the offense been committed at the time of the defendant's

---

[1] We note that neither party argues that any of the exceptions to the juvenile court's exclusive jurisdiction referenced in section 5-120 of the Act, 705 ILCS 405/5-120 (West 2016), are applicable in the instant case.

2016 offense at issue, the 2006 conviction stemming from his 2005 offense would have been heard in juvenile court rather than adult court resulting in an adjudication of delinquency not a conviction as required to trigger mandatory Class X sentencing under the Code. *Id*. at ¶¶ 6-7. The *Miles* court agreed. *Id*. at ¶ 11.

¶ 22 In construing the Code, the *Miles* court found the language in section 5-4.5-95(b) unambiguous and thus, declined to consider its legislative history. *Id*. at ¶ 10. The court focused on the statute's plain language requiring a defendant to have "twice been convicted *** of an offense that contains the same elements as *an offense now* (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony" before Class X sentencing would be triggered. (Emphasis added.) *Id*. at ¶ 11.

¶ 23 The court concluded that the relevant inquiry was how the defendant's 2006 prior conviction would be treated had he committed the offense on the same date as his 2016 offense for which he was being sentenced. *Id*. Due to the 2014 amendment to section 5-120 of the Act and the 2016 amendment to section 5-130 of the Act, the defendant's "2006 conviction, had it been committed in 2016, would have been resolved with delinquency proceedings in juvenile court rather than criminal proceedings" in adult court. *Id*. The court further concluded that because defendant's 2006 conviction would instead be a juvenile court delinquency adjudication it would not be a qualifying offense for Class X sentencing. *Id*.

¶ 24 Here the court explained that the plain language of the statute requiring two prior "convictions" before Class X sentencing would be employed did not include prior juvenile delinquency adjudications citing our supreme court's observation in *People v. Taylor*, 221 Ill. 2d 157, 159 (2006), that "in absence of a statute expressly defining a juvenile adjudication as a

conviction, Illinois courts have consistently held that juvenile adjudications do not constitute convictions." *Miles*, 2020 IL App (1st) 180736, ¶ 15.

¶ 25    The court distinguished *People v. Jones*, 2016 IL 119391; *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2002); *People v. Banks*, 212 Ill. App. 3d 105 (1991); and *People v. Bryant*, 278 Ill. App. 3d 578 (1996)—all cases cited by the State in this appeal.

¶ 26    With respect to *Jones*, the *Miles* court explained that the statute at issue there involved extended-term sentencing pursuant to 730 ILC 5/5-5-3.2(b)(7) (West 2016) which expressly provides for the consideration of prior juvenile adjudications as a basis for imposing such extended-term sentencing. *Miles*, 2020 IL App (1st) 180736, ¶ 14; see also 730 ILC 5/5-5-3.2(b)(7) (West 2016) (noting section 5-5-3.2(b)(7)'s language specifically allowing the trial court, in certain circumstances, to consider when a defendant "has been previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a Class X or Class 1 felony" as a reason to impose an extended term sentence). The court pointed out that section 5-4.5-95(b), unliked 5-5-3.2(b)(7), is silent with regard to adjudications of delinquency and found that difference dispositive based on *People v. Bailey*, 2015 IL App (3d) 130287, ¶ 13, which explained that " 'When the legislature decides to authorize certain sentencing enhancement provisions in some cases, while declining to impose similar limits in other provisions within the same sentencing code, it indicates that different results were intended.' " *Miles*, 2020 IL App (1st) 180736, ¶ 14. For the same reasons, the *Miles* court distinguished *Apprendi* reasoning that under *Taylor*, "a juvenile adjudication is not a criminal conviction in Illinois, except where specifically provided by law" and while "*Apprendi* may indeed permit the use of a juvenile adjudication to extend a sentence without proving that adjudication beyond a reasonable doubt" "this is only because subsection 5-5-3.2(b)(7)

specifically allows prior juvenile adjudications to be considered as grounds for imposing an extended-term sentence" as emphasized by the legislature's decision to include such language in section 5-5-3.2(b) of the Code but not in section 5-4.5-95(b) of the Code. *Id*. at ¶ 17.

¶ 27 The *Miles* court also distinguished *Banks* and *Bryant* both dealing with habitual criminal adjudications under the Habitual Criminal Act (HCA) which states that a defendant would be adjudicated a habitual criminal where they had been "twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder[.]" *Id*. at ¶¶ 19-20. The prior convictions forming the basis for the habitual criminal adjudications were, at least in part, due to prior convictions when the defendants were 15 in *Banks* and 16 in *Bryant*. *Id*. There the "courts were presented with arguments focusing solely on the defendants' status as minors at the time they committed their prior armed robberies, and the decision in both cases rested on the *Banks* court's finding that nothing in the Juvenile Court Act or Criminal Code of 1961 indicated that criminal convictions of a minor should be treated any differently than criminal convictions of an adult." *Id*. at ¶ 21.

¶ 28 The *Miles* court explained that unlike the defendants in *Banks* and *Bryant* the defendant's arguments in *Miles* focused on age *and* the legislature's 2016 amendment to section 5-130 of the Act giving juvenile court's exclusive jurisdiction over minors charged with armed robbery or aggravated vehicular hijacking where such minors would previously have been disqualified from juvenile jurisdiction. *Id*. The *Miles* court reasoned "[t]his amendment provided some indication—absent at the time *Banks* and *Bryant* were decided—that the legislature intended that minors who commit armed robbery or aggravated vehicular hijacking should be treated different than adults charged with those crimes." *Id*.

¶ 29    While the 2016 amendment to section 5-130 of the Act are not relevant here, we believe the reasoning remains the same by virtue of the 2014 amendment to section 5-120 of the Act which also postdate *Banks* and *Bryant* and similarly provides indication that the legislature intended minors 17 and older, but under age 18 charged with crimes such as delivery of a controlled substance to be treated differently than adults where such juveniles would now fall exclusively under the exclusive jurisdiction of the juvenile courts where they previously would have been disqualified from the juvenile court's jurisdiction as was the case for defendant here. See 705 ILCS 405/5-120 (West 2010); see also 705 ILCS 405/5-120 (West 2016).

¶ 30    The State contends this court's decision in *Miles* directly conflicts with the Illinois Supreme Court's decision in *Fitzsimmons v. Norgle*, 104 Ill. 2d 369, 372-73 (1984), and cannot be reconciled with the court's decision in *People v. Richardson,* 2015 IL 118255, and *People v. Hunter*, 2017 IL 121306, ¶ 43. We disagree.

¶ 31    As noted above, our supreme court in *Taylor* declined to "find a juvenile adjudication to be a conviction[.]" *Taylor*, 221 Ill. 2d at 182. In doing so, the *Taylor* court specifically distinguished its finding in various prior cases including *Fitzsimmons* stating,

> "None of the *** cases hold that a juvenile adjudication is tantamount to a
> 'conviction' in any context, nor do any of the cases even consider the question."
> *Id*. at 181.

¶ 32    We note that even if *Fitzsimmons* could not be distinguished from *Taylor*, the later decided supreme court's decision in *Taylor* is controlling. See *Bates v. Sandy*, 27 Ill. App. 552, 555 (1888) (holding that where our supreme court cases are in conflict, it is the appellate court's duty to conform to the latest decision).

¶ 33  Notwithstanding, *Fitzsimmons* is not contrary to the reasoning in *Miles* as *Fitzsimmons* involved a juvenile tried in adult court resulting in an adult court conviction.  *Fitzsimmons*, 104 Ill. 2d at 372-73.  This is in contrast to *Miles* and defendant here, where both juveniles were convicted as juveniles in adult court prior to amendments to the Act, but due to those amendments enacted since their convictions but prior to the time of their offenses at issue, would have, if committed at the time of their offenses at issue, resulted in delinquency adjudications in juvenile court rather than convictions in adult court.  Section 5-4.5-95(b) of the Code requires that we look to the time of the offense for which a defendant is being sentenced to determine if Class X sentencing is appropriate.  At the relevant time, defendant's prior offense would have been addressed in juvenile court resulting in a delinquency adjudication.  *Taylor* makes clear that such adjudications are not convictions as would be required to trigger Class X sentencing under the Code.  See 730 ILCS 5/5-4.5-95(b) (West 2018); see also *Taylor*, 221 Ill. 2d at 182.

¶ 34  As to *Richardson* and *Hunter*, we note that both cases dealt with the question of whether the amendments to sections 5-120 and 5-130 of the Act applied retroactively.  *Richardson*, 2015 IL 118255, ¶ 3; *Hunter*, 2017 IL 121306, ¶ 19.  That issue has no bearing on our ruling here.  Instead, at issue is the interpretation of section 5-4.5-95(b) of the Code.  The only reason the amendments to the Act come into play is because section 5-4.5-95(b) of the Code asks that we assess defendant's prior convictions as if they had occurred at the time of the offense on which he is being sentenced—2016 rather than 2011.  We do not retroactively apply section 5-120 of the Act, we merely imagine the offense had occurred in 2016 as required by section 5-4.5-95(b) of the Code. See 730 ILCS 5/5-4.5-95(b) (West 2018).

¶ 35  Here, defendant's 2011 convictions for delivery of a controlled substance—offenses committed when he was 17 years old—would, if adjudicated at the time of his 2016 offense at

issue, be resolved in delinquency proceedings before the juvenile court leading to juvenile adjudications rather than convictions. See 705 ILCS 405/5-120 (West 2016); see also *Taylor*, 221 Ill. 2d at 182 (holding a juvenile adjudication is not a conviction). Accordingly, pursuant to section 5-4.5-95(b) of the Code, defendant's 2011 convictions are not qualifying prior offenses for Class X sentencing.

¶ 36    Defendant's only two remaining convictions for delivery of a controlled substance and possession of a controlled substance with intent to deliver occurred in 2013. These convictions, however, constitute only one qualifying conviction because, pursuant to 5-4.5-95(b)(2) of the Code, the second felony has to be committed after a conviction on the first. See 730 ILCS 5/5-4.5-95(b)(2) (West 2018) (stating section 5-4.5-95(b)(2) of the Code "does not apply unless: *** the second felony was committed after conviction on the first"). The parties do not dispute that defendant's 2013 convictions occurred on the same day. Accordingly, the requirement the felony be "committed after conviction on the first" cannot be met. Therefore, defendant's Class X sentencing was not statutorily authorized and was in error.

¶ 37    Having found error occurred, we provide defendant relief pursuant to the second prong of the plain-error doctrine finding his unauthorized Class X sentence affected defendant's substantial rights. See *Miles*, 2020 IL App (1st) 180736, ¶ 8 (excusing forfeiture under second prong plain-error where the defendant was improperly subject to Class X sentencing based on a non-qualifying prior offense).

¶ 38    The Illinois Department of Corrections website indicates defendant's current status is paroled on August 15, 2019 with a discharge date of August 15, 2022. As relief, defendant asks that "this Court correct the mittimus in this case to reflect a Class 1, rather than a Class X felony sentence, and vacate his term of mandatory supervised release of 3 years and impose a term of 2

years of mandatory supervised release consistent with the Class 1 sentencing range per 730 ILCS 5/5-4.5-3[0]." The State does not address defendant's argument here and only asks that defendant's Class X sentence be affirmed. We exercise our authority under Illinois Supreme Court Rule 615(b)(4), Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967), and vacate defendant's Class X felony sentence and direct the clerk of the circuit court to correct the mittimus to reflect a Class 1 felony sentence with a two year term of mandatory supervised release consistent with Class 1 sentencing ranges.

¶ 39     In light of our conclusion here, we need not reach defendant's alternative arguments on appeal.

¶ 40                                    CONCLUSION

¶ 41     For the foregoing reasons, we vacate defendant's sentence and impose a term of 2 years mandatory supervised release consistent with the Class 1 sentencing and direct the clerk of the circuit court to correct the mittimus to reflect defendant's conviction as a Class 1 felony with two years mandatory supervised release.

¶ 42     Sentence vacated, defendant resentenced, mittimus corrected.