NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210681-U

NO. 4-21-0681

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 12, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| LES DAVIS II, | ) | No. 16CF1312 |
|     Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err by denying defendant's petition for *habeas corpus* relief.

¶ 2        Defendant, Les Davis II, an inmate in the Illinois Department of Corrections, appeals the trial court's dismissal of his petition for *habeas corpus* relief. We affirm.

¶ 3                              I. BACKGROUND

¶ 4        The State charged defendant with unlawful possession of a weapon by a felon (count I) (720 ILCS 5/24-1.1(a) (West 2014)) and being an armed habitual criminal (count II) (*id.* § 24-1.7(a)). It alleged that on or about October 17, 2016, defendant knowingly possessed a firearm after having been previously convicted of the felony offenses of residential burglary, in Sangamon County case No. 12-CF-699, and unlawful possession of a weapon by a felon, in Sangamon County case No. 12-CF-986.

¶ 5        Following a jury trial in August 2017, defendant was found guilty of both charged offenses. At sentencing, the trial court determined defendant's convictions merged and sentenced him to seven years' imprisonment on count II. The court's judgment was affirmed on direct appeal. *People v. Davis*, 2020 IL App (4th) 180093-U.

¶ 6        Relevant to this appeal, in September 2021, defendant *pro se* petitioned for *habeas corpus* relief. He argued his conviction for being an armed habitual criminal was "invalid" because one of the predicate felonies for that offense, residential burglary, was an offense he committed when he was 17 years old. Defendant maintained an offense he committed as a juvenile could not be used "to enhance a[n] adult offense." Further, he asserted his appellate counsel was ineffective for failing to raise the issue on direct appeal.

¶ 7        Defendant attached documents to his petition showing his date of birth was October 4, 1994, and that he was arrested for residential burglary on August 21, 2012, at the age of 17. The record also reflects that in August 2012, defendant was charged in adult criminal court with residential burglary (Sangamon County case No. 12-CF-699), which was alleged to have been committed on or about August 20, 2012. In November 2012, defendant pleaded guilty to that offense and the trial court sentenced him to a term of probation. Defendant's residential burglary conviction was used as a predicate offense for his armed-habitual-criminal charge in the present case.

¶ 8        In October 2021, the trial court made a docket entry, denying defendant's petition for *habeas corpus* relief. It found defendant's allegation of error lacked merit as relevant authority from this court established that he had properly been convicted of being an armed habitual criminal.

¶ 9        This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11            On appeal, defendant argues the trial court erred by denying his petition for

*habeas corpus* relief. He contends his 2012 residential burglary conviction could not serve as a

predicate offense for his armed habitual criminal charge because he was a juvenile at the time that

offense was committed. Defendant asserts that under current statutory provisions, which were not

in effect 2012, his prior offense "would have been resolved in [juvenile] delinquency court

proceedings," not adult criminal court. Thus, defendant argues his criminal record was insufficient

to support his conviction for being an armed habitual criminal and he is entitled to an immediate

release from custody.

¶ 12            *Habeas corpus* relief may only be obtained upon the grounds set forth in section

10-124 of the Code of Civil Procedure (Code) (735 ILCS 5/10-124 (West 2020)). *Beacham v.*

*Walker*, 231 Ill. 2d 51, 58, 896 N.E.2d 327, 331 (2008). That section provides as follows:

          "If it appears that the prisoner is in custody by virtue of process from any court

          legally constituted, he or she may be discharged only for one or more of the

          following causes:

                    1. Where the court has exceeded the limit of its jurisdiction, either

          as to the matter, place, sum or person.

                    2. Where, though the original imprisonment was lawful,

          nevertheless, by some act, omission or event which has subsequently taken

          place, the party has become entitled to be discharged.

                    3. Where the process is defective in some substantial form required

          by law.

                    4. Where the process, though in proper form, has been issued in a

- 3 -

case or under circumstances where the law does not allow process to issue or orders to be entered for imprisonment or arrest.

5. Where, although in proper form, the process has been issued in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him or her.

6. Where the process appears to have been obtained by false pretense or bribery.

7. Where there is no general law, nor any judgment or order of a court to authorize the process if in a civil action, nor any conviction if in a criminal proceeding. No court, on the return of a habeas corpus, shall, in any other matter, inquire into the legality or justice of a judgment of a court legally constituted." 735 ILCS 5/10-124 (West 2020).

¶ 13 Our supreme court has held that a prisoner is entitled to *habeas corpus* relief only when he "has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham*, 231 Ill. 2d at 58; see also *People v. Purnell*, 356 Ill. App. 3d 524, 528, 825 N.E.2d 1234, 1238 (2005) (stating the seven grounds set forth in section 10-124 of the Code "fall into two general categories—either the trial court lacked jurisdiction or there has been some occurrence subsequent to the prisoner's conviction that entitles him to release").

"A complaint for order of *habeas corpus* may not be used to review proceedings that do not exhibit one of [the section 10-124] defects, even though the alleged error

- 4 -

involves a denial of constitutional rights. [Citations.] Although a void order or judgment may be attacked at any time or in any court, either directly or collaterally [citation], including a *habeas* proceeding [citations], the remedy of *habeas corpus* is not available to review errors which only render a judgment voidable and are of a nonjurisdictional nature." (Internal quotation marks omitted.) *Beacham*, 231 Ill. 2d at 58-59.

See also *People v. Davis*, 156 Ill. 2d 149, 155-56, 619 N.E.2d 750, 754 (1993) (stating "[w]here jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time"; however, "a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack").

¶ 14        The trial court may deny, *sua sponte*, a complaint for order of *habeas corpus* where it determines the "complaint is insufficient on its face to warrant any relief" under the Code. *Beacham*, 231 Ill. 2d at 59. The denial of a *habeas corpus* petition is subject to *de novo* review. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 19, 99 N.E.3d 610. Further, a reviewing court "may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court." *Id.*

¶ 15        Here, defendant's *habeas corpus* petition was insufficient on its face to warrant relief. His petition failed to specify any ground for relief as set forth in section 10-124 of the Code. Moreover, he alleged neither a lack of jurisdiction by the trial court in the underlying case, nor that there was some occurrence subsequent to his conviction for being an armed habitual criminal that entitled him to release.

¶ 16        We note that both before the trial court and on appeal, defendant has cited recent appellate case authority, which he argues supports his claim of error. However, "[n]ew case law is

not a subsequent act, occurrence, or event that entitles a prisoner to be discharged within the meaning of section 10-124 of the Code." *Id.* ¶ 18. Further, in his reply brief, defendant suggests that amendments to the jurisdictional provisions of the Juvenile Court Act of 1987 (Pub. Act 98-61 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120)), qualify as an occurrence subsequent to his conviction. However, the amendments defendant references were effective in 2014, prior to defendant's conviction and sentence for being an armed habitual criminal, which occurred in 2017. Accordingly, defendant's petition was legally insufficient, and the trial court committed no error in denying it.

¶ 17        As an aside, we also find no error with respect to the trial court's determination that defendant's assertion of an "invalid" conviction lacked merit. To support his claim for *habeas corpus* relief, defendant has relied on a line of recent First District cases. See *People v. Miles*, 2020 IL App (1st) 180736, ¶ 22, 170 N.E.3d 984 (finding the trial court erred in sentencing the defendant as a Class X offender based on his criminal background when one of the criminal convictions that qualified him for Class X sentencing was committed while he was a juvenile); see also *People v. Williams*, 2020 IL App (1st) 190414, ¶ 21, 178 N.E.3d 748 (relying on *Miles* to find a criminal offense the defendant committed when he was 17 was not a qualifying offense for purposes of Class X sentencing). However, as the trial court noted below, this court has disagreed with and declined to follow that First District line of cases. See *People v. Reed*, 2020 IL App (4th) 180533, ¶¶ 24-29, 175 N.E.3d 717 (disagreeing with *Miles* and finding a criminal conviction that the defendant committed at 17 could serve as a qualifying offense for sentencing him as a Class X offender); see also *People v. O'Neal*, 2021 IL App (4th) 170682, ¶ 103 (agreeing with *Reed* and finding the trial court did not err when sentencing the defendant as a habitual criminal based, in part, on a criminal conviction for an offense committed when the defendant was 17). Additionally,

even more recently, we have rejected the precise argument defendant presented in his *habeas corpus* petition. See *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶¶ 26-39 (holding the defendant's contention—that a criminal conviction for an offense he committed at age 17 "could not *** serve[ ] as a predicate conviction under the armed habitual criminal statute because, had he committed the same offense [under current statutory provisions] at the age of 17, it would have resulted in a juvenile adjudication"—was speculative and not supported by the plain language of the armed habitual criminal statute).

¶ 18        In this case, not only did defendant's petition fail to state a claim for *habeas corpus* relief, his contention of error in the underlying proceeding lacks merit. Accordingly, the trial court committed no error in denying his petition for *habeas corpus* relief.

¶ 19                     III. CONCLUSION

¶ 20        For the reasons stated, we affirm the trial court's judgment.

¶ 21        Affirmed.