2021 IL App (1st) 191615

SIXTH DIVISION
December 17, 2021

No. 1-19-1615

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 14 CR 19719 |
| | ) | |
| ARTURO WILLIAMS, | ) | The Honorable |
| | ) | Peggy Chiampas, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1 Petitioner, Arturo Williams, appeals from the circuit court of Cook County's summary dismissal of his *pro se* postconviction petition. He argues his petition alleged arguable claims of ineffective assistance of trial and appellate counsel for failing to argue that an aggravated vehicular hijacking conviction for an offense he committed as a juvenile could not be used as a qualifying predicate offense for an armed habitual criminal conviction. The State addresses the merits of petitioner's argument while also asserting petitioner forfeited the issue he raises on appeal. We affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3    In 2014, petitioner was charged with one count of armed habitual criminal (AHC), two counts of unlawful use of a weapon by a felon (UUWF), and six counts of aggravated UUWF. At his bench trial, the State introduced evidence that, while being chased by police, defendant pulled a loaded handgun from his waistband and threw it over his shoulder. At trial, the State introduced certified prior convictions for aggravated vehicular hijacking (case No. 00 CR 17676 (01)) and manufacture/delivery of a controlled substance (case No. 10 CR 20465 (01)). The circuit court found petitioner guilty of AHC and of one count of UUWF. On direct appeal, we affirmed petitioner's AHC conviction over his contention that the circuit court improperly limited his cross-examination of the State's eyewitness, and we vacated the UUWF conviction under the one-act, one-crime rule. *People v. Williams*, 2018 IL App (1st) 160469-U.

¶ 4    Petitioner filed a *pro se* postconviction petition and made the following allegations relevant to this appeal. Petitioner was 32 years old at the time of trial on the AHC, aggravated UUWF, and UUWF charges. His conviction for aggravated vehicular hijacking was for an offense committed in 2000, when he was 17 years old. The State did not prove all the essential elements of AHC because his aggravated vehicular hijacking conviction was more than 10 years old and could not be used to support his AHC conviction under *People v. Montgomery*, 47 Ill. 2d 510 (1971). His trial counsel was ineffective for failing to raise any argument under *Montgomery* and to preserve the issue for appeal, and his appellate counsel on direct appeal was ineffective for failing to argue trial counsel's ineffective assistance.

¶ 5    The circuit court summarily dismissed the petition in a written order, finding the claims raised in the petition frivolous and patently without merit. Petitioner filed a timely notice of appeal.

¶ 6                                    II. ANALYSIS

¶ 7      On appeal, petitioner argues his *pro se* petition sufficiently stated the gist of arguable claims of ineffective assistance of trial and appellate counsel for failing to challenge the use of the aggravated vehicular hijacking conviction because it was insufficient to support an AHC conviction. He abandons his specific argument that *Montgomery* barred the use of the aggravated vehicular hijacking conviction. Instead, he argues that, because the aggravated vehicular hijacking offense took place when he was a juvenile, the conviction is not a qualifying predicate offense for the purposes of AHC under this court's reasoning in *People v. Miles*, 2020 IL App (1st) 180736 and *People v. Gray*, 2021 IL App (1st) 191086, both of which were decided after petitioner filed his notice of appeal from the dismissal of his postconviction petition. He argues that if a 17-year-old was charged with aggravated vehicular hijacking in 2014, the charge would have been tried and adjudicated in juvenile court, and a juvenile adjudication is not the same as a conviction for the purposes of an AHC offense. He asserts his petition raised an arguable claim that his trial counsel's performance was deficient for failing to object to the State's attempt to admit the aggravated vehicular hijacking conviction and that his appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness, and that he was prejudiced because he would not have been convicted of AHC. He contends he is either entitled to a remand for second stage proceedings on his petition or, alternatively, a reversal of his AHC conviction and a remand for resentencing on his UUWF conviction.

¶ 8      At the first stage of proceedings under the Post-Conviction Hearing Act, a *pro se* petition must present the gist of a constitutional claim. *People v. Boclair*, 202 Ill. 2d 89, 100 (2002). At the first stage, a *pro se* petitioner is not required to allege facts supporting a constitutional claim and the petition should be given a liberal construction. *People v. Thomas*, 2014 IL App (2d) 121001,

¶ 60. "Where defendants are acting *pro se*, courts should review their petitions 'with a lenient eye, allowing borderline cases to proceed.' " *People v. Hodges*, 234 Ill. 2d 1, 21 (2009) (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (1983)). In the context of a claim of ineffective assistance of counsel, the petition must set forth an arguable claim that counsel's performance was constitutionally deficient, and an arguable claim that petitioner was prejudiced. *People v. Tate*, 2012 IL 112214, ¶ 19. Summary dismissal is appropriate where the claims in the petition are frivolous or patently without merit. *Hodges*, 241 Ill. 2d at 11-12. We review *de novo* the circuit court's summary dismissal of a postconviction petition. *Tate*, 2012 IL 112214, ¶ 10.

¶ 9                                             A. Forfeiture

¶ 10     The State argues petitioner forfeited his specific appellate claim because he did not raise it in his petition. The petition asserted that trial and appellate counsel were ineffective because they failed to challenge the use of the aggravated vehicular hijacking conviction as a qualifying predicate conviction for the AHC offense under *Montgomery* because the conviction was more than 10 years old. On appeal, petitioner argues his trial and appellate counsel were ineffective for not challenging the use of the aggravated vehicular hijacking conviction as a qualifying predicate offense for the AHC offense because, under the amendment to the Juvenile Court Act and the reasoning *Miles*, petitioner was a juvenile at the time of the aggravated vehicular hijacking offense, and he would have been tried and adjudicated in juvenile court. In the State's view, these are distinct claims, and we cannot consider the claim raised on appeal. We disagree.

¶ 11     The State is generally correct that "a claim not raised in a petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505 (2004) (citing *People v. McNeal*, 194 Ill. 2d 135, 147 (2000); *People v. Davis*, 156 Ill. 2d 149, 158 (1993)). But here, petitioner asserts in his petition and in this court that his trial and appellate counsel were ineffective for failing to

challenge the use of his prior aggravated vehicular hijacking conviction as a qualifying predicate offense for his AHC offense. We acknowledge that petitioner has framed his appellate argument differently than he did in his petition, but the issue is the same: whether his trial and appellate counsel were ineffective for not raising any argument that his prior conviction could not be used as a qualifying predicate offense for the ACH offense because of when the ACH offense occurred.

¶ 12     In *Jones*, the petitioner's petition contained the bare assertion that he was denied his right to effective assistance of counsel, which was not reflected on the record of his direct appeal. *Jones*, 213 Ill. 2d at 502. The circuit court dismissed the petition. On appeal, the petitioner argued for the first time that he had not been properly admonished about his guilty plea under Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001). *Id.* The supreme court found the petitioner could not raise such a claim for the first time on appeal because it was not contained in his petition. *Id.* at 508. The court also explained that the appellate court is not free to excuse a petitioner's forfeiture (*id.* at 507), and that the proper avenue of raising the issue is to seek leave to file a successive postconviction petition (*id.* at 509). But here, unlike in *Jones*, petitioner did not make a bare assertion of ineffective assistance of counsel. Instead, he alleged he was 17 years old at the time of the aggravated vehicular hijacking offense, and his counsel was ineffective for failing to challenge the use of that conviction as a predicate felony for his armed habitual criminal charge. The petitioner in *Jones* attempted to argue a claim on appeal that found no support in his petition. That is not the case here.

¶ 13     We find *Thomas* instructive. There, the petitioner was found guilty of first degree murder. We affirmed on direct appeal over the petitioner's argument that the trial court erred by excluding an incarcerated minor's statement—"I did it"—to police, which the minor later recanted. *People v. Thomas*, 2011 IL App (2d) 091061-U. Thomas filed a postconviction petition asserting that his

appellate counsel on direct appeal was ineffective by failing to argue that his trial counsel was ineffective because the minor confessed to police and to a jail chaplain, and trial counsel "should have taken additional steps to ensure that the confession was admitted." *Thomas*, 2014 IL App (2d) 121001, ¶ 2. The circuit court summarily dismissed the petition. *Id.* ¶ 3. On appeal, the petitioner argued his "appellate counsel was ineffective for failing to argue that the *trial court* erred in excluding [the minor's] conversations with the chaplain and for failing to argue that the chaplain's testimony would have corroborated [the minor's] statement to the detectives." (Emphasis in original.) *Id.* ¶ 3. The State argued in part that the petitioner forfeited his appellate claim because his petition faulted appellate counsel for not arguing ineffective assistance of trial counsel, whereas he argued on appeal that his appellate counsel was ineffective for not arguing that the trial court erred by excluding the minor's statements. We rejected the State's forfeiture argument, finding both the petition and the petitioner's appellate claims were directed at his appellate counsel's alleged mishandling of the admissibility of the minor's confessions to detectives and the jail chaplain, and his claims were not frivolous. *Id.* ¶¶ 60-89. We found that

> "On appeal from the summary dismissal of defendant's *pro se* petition, counsel needed to tailor the arguments to the petition's factual allegations, which caused a modest departure from the legal conclusion contained in the petition. The present arguments are not forfeited, because the assertions in the petition need bear only 'some relationship' to the arguments raised on appeal." *Id.* ¶ 87 (citing *People v. Mars*, 2012 IL App (2d) 110695, ¶ 32).

¶ 14    The State argues *Thomas* is distinguishable because there, we were "concerned with interpreting the defendant's allegations as to whether it constituted trial counsel error, ineffective assistance of trial counsel[,] or ineffective assistance of appellate counsel." The State relies on

*People v. Devin Reed*, 2014 IL App (1st) 122610. There, the petitioner's postconviction petition asserted in part that his appellate counsel was ineffective for failing to challenge the admissibility of an alleged inculpatory statement on hearsay grounds (*id.* ¶ 28), but he argued on appeal that his appellate counsel was ineffective for failing to challenge the admissibility of the inculpatory statement on grounds that police violated his fifth amendment rights to counsel and to remain silent (*id.* ¶ 41). We found the petitioner forfeited his appellate argument, and explained

> "Although both claims nominally address Reed's statement to the police, the claim in the petition is that Reed's 'alleged' statement may not have been his statement at all (or not inculpatory), whereas the claim asserted on appeal is that Reed provided a statement, but the statement was illegally obtained, regardless of whether it was inculpatory. These arguments are not necessarily inconsistent, but they are distinct from each other." *Id.* ¶ 59.

¶ 15    We find *Devin Reed* distinguishable. The nature of the petition's claim in *Devin Reed* rested on the factual premise that the petitioner may not have made the statement at all, while his appellate claim was that he did make the statement, but that his fifth amendment rights were violated. As we found, "the respects in which Reed allegedly received ineffective assistance of appellate counsel are distinctly different." *Id.* ¶ 60. Here, Williams's petition asserted he was 17 years old at the time of the aggravated vehicular hijacking offense and his trial and appellate counsel were ineffective for failing to argue that the conviction could not serve as a qualifying predicate felony for the AHC offense. The factual basis of petitioner's claim has not changed between his petition and his argument on appeal, and his claim is sufficiently similar: ineffective assistance of trial and appellate counsel for failing to challenge the use of a prior conviction to support an AHC conviction. Accordingly, we find petitioner has not forfeited his appellate claim.

¶ 16                         B. Sufficiency of Petition

¶ 17    We now turn to the merits of petitioner's appeal. He asserts his 2000 conviction for aggravated vehicular hijacking cannot serve as a qualifying predicate offense to support an AHC conviction because he was 17 at the time of the aggravated vehicular hijacking offense. He relies on this court's decision in *Miles*, 2020 IL App (1st) 180736 to argue that, under the statutory scheme in effect at the time of his 2014 AHC offense, his 2000 aggravated vehicular hijacking offense would have proceeded through the juvenile courts and resulted in a juvenile adjudication rather than a criminal conviction. He argues his petition stated the gist of a constitutional claim of ineffective assistance of counsel for failing to challenge the use of his 2000 conviction as a qualifying predicate conviction to prove the AHC offense. He argues his petition states the gist of a constitutional claim for ineffective assistance for failing to challenge the use of his 2000 conviction as a qualifying predicate offense because, in light of the 2014 amendments to the Juvenile Court Act, that conviction cannot serve as a qualifying predicate offense for a AHC conviction. As for relief, petitioner asserts that, because his claim turns on a matter of law, a remand for further postconviction proceedings is unnecessary. Rather, we should vacate the AHC conviction and remand for the circuit court to reinstate the UUWF conviction we previously vacated under the one-act one-crime rule (*Williams*, 2018 IL App (1st) 160469-U) and for resentencing on his UUWF conviction. In the alternative, he asserts we should remand for second-stage proceedings.

¶ 18    We first examine whether petitioner stated an arguable claim that his trial and appellate counsel's performance fell below an objective standard of reasonableness. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To establish deficient performance, petitioner "must show that his counsel's performance was so inadequate

that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Smith*, 195 Ill. 2d 179, 188 (2000). "Counsel's performance is measured by an objective standard of competence under prevailing professional norms." *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "[T]he relevant focus under *Strickland* is on the state of the law at the time of defendant's trial and appeal," and whether a reasonable attorney should have taken a particular course of action. *People v. Cathay*, 2012 IL 111746, ¶ 26.

¶ 19 Here, much of petitioner's argument on the issue of counsels' allegedly deficient performance is devoted to showing the State did not prove petitioner guilty of AHC beyond a reasonable doubt. He cites *People v. Wright*, 111 Ill. 2d 18, 31 (1986) for the proposition that "failing to make an argument because of a mistake about the controlling law is deficient performance." He essentially argues that his trial and appellate counsel misunderstood the "controlling law" by failing to challenge the use of his prior aggravated vehicular hijacking conviction. Petitioner expressly—and exclusively—relies on the reasoning in *Miles* to show what the controlling law was at the time of his 2014 conviction.

¶ 20 In *Miles*, the defendant was convicted of burglary and the circuit court sentenced him as a Class X offender because of a 2006 conviction for aggravated vehicular hijacking with a firearm and armed robbery, and a 2014 conviction for possession of a controlled substance. 2020 IL App (1st) 180736, ¶ 3. The defendant's 2006 conviction stemmed from an offense he committed when he was 15 years old. *Id.* The defendant argued in the trial court and on direct appeal that the 2006 conviction did not qualify him for Class X sentencing. He argued that section 5-4.5-95(b) of the

Unified Code of Corrections provided that when a defendant is over the age of 21 and is convicted of a Class 1 or Class 2 felony, Class X sentencing is mandatory if the defendant had been twice convicted "of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony." 730 ILCS 5/5-4.5-95(b) (West 2016). At the time of Miles's 2006 conviction, a 15-year-old charged with aggravated vehicular hijacking with a firearm was excluded from the exclusive jurisdiction of the juvenile court, but in 2016, the legislature amended the Juvenile Court Act to raise the age of excluded minors to 16 years old and removed armed robbery with a firearm and aggravated vehicular hijacking with a firearm from the list of offenses that would disqualify offenders from the definition of delinquent minors. *Miles*, 2020 IL App (1st) 180736, ¶ 6 (citing 705 ILCS 405/5-130(1)(a) (West 2006); Pub. Act 99-258 § 5 (eff. Jan. 1, 2016 (amending 705 ILCS 405/5-130)). The *Miles* court agreed with the defendant that if he were 15 years old and committed armed robbery with a firearm and aggravated vehicular hijacking with a firearm in 2016 (the time of his 2016 burglary arrest) those proceedings would have been resolved in juvenile court, and his 2006 conviction was no longer an offense classified as a Class 2 or greater Class felony.

¶ 21    *Miles* rejected the State's argument that defendant's 2006 conviction fell within the "prior conviction" exception that could be used to enhance a sentence (see *People v. Jones*, 2016 IL 119391, ¶ 42 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) because section 5-4.5-95(b) was "silent with regard to adjudications of delinquency." *Miles*, 2020 IL App (1st) 180736, ¶ 14. *Miles* also rejected the State's reliance on *People v. Banks*, 212 Ill. App. 3d 105 (1991) and *People v. Bryant*, 278 Ill. App. 3d 578 (1996) for the proposition that, under the Habitual Criminal Statute, any conviction may be used as a former conviction. *Miles* reasoned that those cases "rested on the *Banks* court's finding that nothing in the Juvenile Court Act or the Criminal Code of 1961 indicated

10

that criminal convictions of a minor should be treated any differently than criminal convictions of an adult" (*Miles*, 2020 IL App (1st) 180736, ¶ 21), and both cases predated the 2016 amendments to the Juvenile Court Act (*id.*). Because the defendant's 2005 offense would have landed him in juvenile court, the offense "would have led to a juvenile adjudication rather than a Class 2 felony conviction" and was not an "offense now *** classified as a Class 2 or greater Class felony" that could be used for the purposes of Class X sentencing. *Id.* ¶ 22.[1]

¶ 22    Several panels of the First District have followed *Miles* to find that the circuit court cannot use a defendant's prior felony conviction for offenses committed while under the age of 18 when imposing a Class X sentence.[2] One panel has adopted the *Miles* reasoning to find that an offense committed by a 17-year-old cannot be used as a qualifying predicate offense to support an AHC conviction, opining that it is necessary for the State to prove "that the defendant was at least 18 years old at the time of the offense, or that the defendant merited transfer to the criminal courts under the restrictive provisions of such transfer." *Gray*, 2021 IL App (1st) 191086, ¶ 15, *pet. for leave to appeal pending*, No. 127815 (filed Oct. 27, 2021).

¶ 23    The Fourth District, however, reached a different conclusion in *People v. Darius Reed*, 2020 IL App (4th) 180533, ¶¶ 24-27, *pet. for leave to appeal pending*, No. 126750 (filed Dec. 15,

---

[1]We note that the supreme court granted the State's petition for leave to appeal in *Miles* but dismissed the appeal on December 20, 2020, after the defendant died. *Miles*, 2020 IL App (1st) 180736, *pet. for leave to appeal dismissed*, No. 126047 (Dec. 20, 2020).

[2]See, *e.g.*, *People v. Stewart*, 2020 IL App (1st) 180014-U, ¶ 32, *pet. for leave to appeal allowed*, No. 126116 (Jan. 27, 2021); *People v. Suggs*, 2020 IL App (1st) 161632-U, ¶¶ 46-48, *pet. for leave to appeal pending*, No. 126193 (filed July 23, 2020); *People v. Newton*, 2021 IL App (1st) 182044-U, ¶ 51; *People v. Ford*, 2020 IL App (1st) 172835-U, ¶¶ 34-35, *pet. for leave to appeal pending*, No. 126498 (filed Oct. 14, 2020); *People v. Martin*, 2020 IL App (1st) 181012-U, ¶¶ 28-29, *pet. for leave to appeal pending*, No. 126582 (filed Oct. 30, 2020); *People v. Williams*, 2020 IL App (1st) 190414, ¶¶ 15-16, *pet. for leave to appeal pending*, No. 126770 (filed Dec. 21, 2020); *People v. Binion*, 2020 IL App (1st) 182538-U, ¶ 38, *pet. for leave to appeal denied*, no.126905 (May 26, 2021); *People v. Martinez*, 2021 IL App (1st) 182553, ¶¶ 59-63, *pet. for leave to appeal pending*, No. 127816 (filed Oct. 27, 2021).

2020).[3] There, the defendant, facing numerous criminal charges in different cases, entered into a global plea agreement. He agreed to plead guilty to one count of possession of a controlled substance with intent to deliver between 1 and 15 grams of cocaine (16 CF 807), a Class 1 felony, for an offense that occurred on June 21, 2016. *Id.* ¶ 3. He also agreed to plead guilty to possession of a controlled substance with intent to deliver and to being armed habitual criminal, both of which were Class X felonies. *Id.* The plea agreement capped defendant's sentence at 20 years' imprisonment, and provided that the Class X sentences would run concurrently and would run consecutive to the Class 1 sentence. *Id.* ¶ 4. At sentencing, the State and defense counsel agreed that the defendant was subject to Class X sentencing in 16 CF 807. The defendant had an extensive criminal background, including a burglary conviction for an offense he committed when he was 17 years old. *Id.* ¶ 7. The circuit court sentenced the defendant to eight years' imprisonment in 16 CF 807, followed by consecutive nine-year prison terms for the Class X offenses. *Id.* The defendant moved to withdraw his guilty pleas. The circuit court denied the motion and the defendant appealed.

¶ 24   On appeal, Reed relied on *Miles* to argue, in relevant part, that he was not subject to a Class X sentence for 16 CF 807 because he was 17 years of when he committed the offense leading to his prior conviction for burglary. *Id.* ¶ 19-23. The Fourth District expressly disagreed with *Miles*. *Id.* ¶ 24. The *Darius Reed* court reasoned that juvenile courts do not have exclusive jurisdiction because juveniles can be tried in criminal courts and the State can seek an order permitting criminal prosecutions of juveniles over 13 years old. *Id.* ¶ 24 (citing 705 ILCS 405/5-120, 5-805(3)(a) (West 2016)). Furthermore, nothing in section 5-4.5-95(b) suggested that "criminal convictions entered

---

[3]Subsequent Fourth District decisions have followed *Darius Reed*'s rejection of *Miles*. See, *e.g.*, *People v. Lewis*, 2020 IL App (4th) 180595-U, ¶¶ 26-27, *pet. for leave to appeal pending*, No. 126786 (filed Dec. 23, 2020); *People v. O'Neal*, 2021 IL App (4th) 170682, ¶¶ 102-103, *pet for leave to appeal pending*, No. 127171 (filed Apr. 19, 2021).

on persons under 18 years of age should be considered juvenile adjudications" (*id.* ¶ 25 (citing 705 ILCS 405/5-4.5-95(b) (West 2016))),[4] and nothing in section 5-120 of the Juvenile Court Act indicated that criminal convictions against 17-year-olds should be considered juvenile adjudications (*id.* ¶25). Finally, the *Darius Reed* court observed that section 5-4.5-95(b) requires the circuit court to look at the elements of the prior offense (*id.* ¶ 26), whereas under *Miles*'s interpretation, "the trial court would also have to consider the defendant's age when he committed the earlier offense, regardless of whether the defendant's age was an element of the offense" (*id.* ¶ 27). The *Darius Reed* court concluded that the defendant was correctly admonished about his being subject to Class X sentencing for 16 CF 807, and the defendant's trial counsel was not ineffective for advising the defendant that he was subject to a Class X sentence.

¶ 25    Here, petitioner tailors the reasoning in *Miles* to his situation and makes the following assertions. In 2014, the legislature changed the definition of juvenile to provide that, with specific exceptions, no minor under the age of 18 years old could be prosecuted under the criminal laws. See Pub. Act. 98-61 (amending 705 ILCS 405/5-120 (eff. Jan. 1, 2014)). Petitioner was arrested in October 2014 and charged with aggravated UUWF, UUWF, and AHC, and the AHC charge was predicated in part on his aggravated vehicular hijacking conviction, which he committed when

---

[4] Section 5-4.5-95(b) had since been amended. It now provides

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);
(2) the second felony was committed after conviction on the first;
(3) the third felony was committed after conviction on the second; and
(4) the first offense was committed when the person was 21 years of age or older."
Pub. Act. 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5/4.5-95(b)).

he was 17 years old. In October 2014, a 17-year-old arrested for aggravated vehicular hijacking with a dangerous weapon other than a firearm would not have been prosecuted in criminal court, and the charges would have proceeded through the juvenile court, resulting in a juvenile adjudication rather than a conviction. Furthermore, relevant here, the AHC statute in 2014 required prior convictions for "a forcible felony *as defined by*" section 2-8 of the Criminal Code, and a "violation of the Illinois Controlled Substances Act or the Cannabis Control Act *that is punishable* as a Class 3 felony or higher." (Emphases added.) 720 ILCS 5/24.17(a) (West 2014). Petitioner contends that the legislature's use of the present tense terms "as defined by" and "is punishable" indicates that the qualifying predicate conviction is defined by its statutory classification at the time of the current offense rather than the earlier qualifying offense, and a 17-year-old charged in 2014 with aggravated vehicular hijacking would be within the exclusive jurisdiction of the juvenile court. Therefore, petitioner contends that the controlling law at the time of his 2014 AHC offense precluded using his 2000 aggravated vehicular hijacking conviction as a qualifying predicate offense because that conviction should be construed as a juvenile adjudication.

¶ 26    We do not agree with petitioner that his trial counsel or appellate counsel failed to provide objectively reasonable assistance by failing to advance arguments consistent with *Miles*. In 2014, the legislature amended section 5-120 to provide

> "Proceedings may be instituted under the provisions of this Article concerning any minor who prior to his or her 18th birthday has violated or attempted to violate, regardless of where the act occurred, any federal, State, county or municipal law or ordinance. Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under 18 years of age at the time of the alleged offense

14

may be prosecuted under the criminal laws of this State." Pub. Act. 98-61 § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120).

The legislature expressly stated: "The changes made to this section by this amendatory Act *** apply to violations or attempted violations committed on or after the effective date of this amendatory Act." 705 ILCS 405/5-120 (West 2014). A plain reading of the amended version of section 5-120 would suggest to a reasonably prudent attorney that the amendment only regulated the initiation of new proceedings against minors under 18 years old, and only applied to violations or attempted violations occurring after January 1, 2014. Nothing on the face of the amendment expressly stated or suggested that the amendment regulated or affected violations by minors under 18 years old that occurred prior to January 1, 2014, or that the amendment had any bearing on defendants who had been previously convicted in criminal court for offenses that were committed when they were 17 years old. In other words, the legislature's amendment to the exclusive jurisdiction of the juvenile court did not, on its face, demonstrate a legislative intent to alter the nature of any convictions entered prior to the amendment. Furthermore, as the Fourth District observed in *Darius Reed*, nothing in the amendment to the Juvenile Court Act expressly stated that convictions entered before the amendment should be considered juvenile adjudications for any purpose. And petitioner does not identify any case law decided prior to his trial that would have guided or informed the arguments he faults his counsel for failing to make.

¶ 27    After the amendment to the Juvenile Court Act and before *Miles*, a reasonable attorney would have been guided by the available caselaw examining the use of a minor's conviction in subsequent proceedings. In *Fitzimmons v. Norgle*, 104 Ill. 2d 369 (1984), our supreme court considered whether a criminal defendant, Christopher C. Borg, was eligible for probation under section 5-5-3(c)(2)(F) of the Code of Corrections (Ill. Rev. Stat. 1981 ch. ¶ 1005-3-3(c)(2)(F)).

Borg pleaded guilty to burglary. The State argued Borg was not eligible for probation because he previously pleaded guilty to a burglary offense he committed when he was 14 years old, which had been transferred to criminal court. *Id.* at 371-72. The trial judge sentenced Borg to probation, and the State sought a writ of *mandamus* from our supreme court. *Id.* at 372. In granting the writ, the court explained that both the Criminal Code of 1961 and the Code of Corrections defined "conviction" as "a judgment of conviction or sentence entered by a plea of guilty or upon a verdict or finding of guilt of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." *Id.* at 372 (citing Ill. Rev. Stat. 1981, ch. 38, ¶¶ 2-5, 1005-1-5). The court explained "[n]o distinction is drawn between convictions rendered while the defendant was a juvenile and those which occur after the defendant is no longer subject to the authority of the juvenile court." *Id.* at 372-73.

¶ 28    In *Banks*, 212 Ill. App. 3d 105, the defendant was convicted of burglary and sentenced to life in prison as a habitual criminal based on four prior burglary convictions. On appeal, the defendant argued that some of those prior convictions were for offenses committed when he was 15 years old, and the circuit court's reliance on those convictions in sentencing him as a habitual criminal amounted to an impermissible double enhancement because he had been tried as an adult, which itself was a penalty enhancement. *Id.* at 106. We rejected that argument, explaining

> "Any conviction may be used as a former conviction under the habitual criminal statute. No exception is made for convictions obtained while the defendant was a juvenile. We see no indication in the Juvenile Court Act or the Criminal Code of 1961 that criminal convictions obtained while the defendant is a minor should be treated any differently than criminal convictions of an adult. It seems to us that a conviction is a conviction. So the supreme court held in *Fitzsimmons.*" *Id.* at 107.

16

¶ 29    Likewise, in *Bryant*, 278 Ill. App. 3d at 587, we found the Habitual Criminal Act "unambiguously states that '[a]ny convictions' may be used as a former conviction under the habitual criminal statute. [Citation.] This includes convictions obtained while a defendant was a juvenile." While *Fitzimmons*, *Banks*, and *Bryant* all predated the 2014 amendment to the Juvenile Court Act, they are instructive as to what guidance was available to criminal defense attorneys regarding the use of a minor's conviction in later proceedings. While the *Miles* court observed that *Fitzimmons*, *Banks*, and *Bryant* all predated amendments to the Juvenile Court Act, those cases are representative of how courts treated a minor's conviction at the time of petitioner's trial and direct appeal.

¶ 30    We find petitioner has failed to adequately allege that his trial and appellate counsels' failure to challenge the use of a conviction entered in 2000 when petitioner was 17 years old amounts to deficient performance. At the time of petitioner's 2015 trial and 2016 direct appeal, as evidenced by *Fitzsimmons*, *Banks*, and *Bryant*, case law squarely supported the principle that a conviction obtained when a criminal defendant was a minor could be used as a qualifying predicate offense, and that a conviction is a conviction, regardless of the criminal defendant's age. Despite the 2014 changes to the Juvenile Court Act—which did not proscribe using criminal convictions obtained against 17-year-olds for any purpose—we find that the state of law at the time of petitioner's trial, sentencing, and direct appeal did not require counsel to challenge the use of petitioner's 2000 aggravated vehicular hijacking conviction to support an AHC conviction.

¶ 31    Furthermore, *Miles* and *Gray* do not control the outcome here. Notably, *Miles* was decided five years after petitioner's trial, and thus was not available to his trial or appellate counsel during trial or his direct appeal. Additionally, petitioner does not direct our attention to any appellate decision foreshadowing or anticipating the reasoning in *Miles*. The critical difference between this

17

case and *Miles* and its progeny is its procedural posture: this case is an appeal from the dismissal of a postconviction petition alleging ineffective assistance of counsel, while *Miles* and its progeny were direct appeals. Regardless of whether the reasoning set forth in *Miles* and followed by other panels of this court is correct—an issue our supreme court will resolve in due course (see *People v. Stewart*, 2020 IL App (1st) 180014-U, ¶ 32, *pet. for leave to appeal allowed*, No. 126116 (Jan. 27, 2021))—our focus is on whether petitioner set forth an arguable claim that his trial and appellate counsel were ineffective at the time they represented petitioner. Given the state of the law at the time of petitioner's 2015 trial and his direct appeal filed in 2016, we find his petition did not set forth an arguable claim that the performance of his trial and appellate counsel was objectively unreasonable. The circuit court's judgment dismissing petitioner's postconviction is affirmed.

¶ 32                                    III. CONCLUSION

¶ 33    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 34    Affirmed.

**No. 1-19-1615**

| | |
|---|---|
| **Cite as:** | *People v. Williams*, 2021 IL App (1st) 191615 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 14-CR-19719; the Hon. Peggy Chiampas, Judge, presiding. |
| **Attorney For Appellant:** | James E. Chadd, Douglas R. Hoff, and Anna C. Carlozzi, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys For Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Allen J. Spellberg, Brian A. Levitsky, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People. |