2023 IL App (1st) 210900-U

No. 1-21-0900

Order filed December 27, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 40801 |
| | ) | |
| MICHAEL SMITH, | ) | Honorable |
| | ) | Patrick K. Coughlin, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the first-stage dismissal of defendant's postconviction petition alleging ineffective assistance of counsel for failing to advise defendant that a 2014 amendment to the Juvenile Court Act meant that defendant's 2005 arson conviction was effectively a juvenile adjudication that could not serve as a predicate conviction for armed habitual criminal because, at the time of defendant's guilty plea to armed habitual criminal, there was no legal basis supporting such an argument.

¶ 2    Defendant Michael Smith pled guilty to armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2014)) in 2016 and was sentenced to 12 years' imprisonment. In 2021, defendant

filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)), arguing that plea counsel rendered ineffective assistance because defendant's prior conviction for arson, which defendant committed when he was 17 years old, did not qualify as a predicate conviction for AHC due to a 2014 amendment to the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2014)). According to defendant, that amendment effectively converts his arson conviction into a non-conviction juvenile adjudication for purposes of determining qualifying predicate offenses for AHC and his counsel should have informed him accordingly. The circuit court dismissed defendant's postconviction petition at the first stage. Defendant appeals, contending that he made an arguable showing of ineffective assistance of counsel. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with one count of AHC (720 ILCS 5/24-1.7(a) (West 2014)), three counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1)/(3)(A-5), (C), (H) (West 2014)), and two counts of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2014)). The charges arose from a December 4, 2015, altercation in a store in which a firearm fell out of defendant's pants and store security cameras recorded the incident. The AHC count alleged that defendant had been convicted of arson in a 2004 case and aggravated battery with a firearm in a 2006 case.[1]

¶ 5      Defendant was represented by private counsel in the case at bar. On March 24, 2016, the trial court held a Supreme Court Rule 402 (eff. Jul. 1, 2012) conference to negotiate a guilty plea

---

[1]Defendant was charged with arson in 2004 and pled guilty to that offense in 2005.

in this case. Defendant agreed to plead guilty to AHC in exchange for a 12-year prison sentence. The State represented that

> "defendant was on parole on an aggravated battery with a firearm [conviction] at the time of this offense. He received ten years in the Illinois Department of Corrections in October of 2006 on that matter. He also has a 2004 arson [for which] he received probation, which was then terminated satisfactorily. Those are the qualifying convictions that make this an armed habitual."

After the trial court admonished defendant as to his rights, defendant pled guilty to AHC and the trial court sentenced him to 12 years' imprisonment. The State nol-prossed the remaining counts.

¶ 6 On February 9, 2017, defendant filed a *pro se* motion to vacate his conviction. It appears that defendant mistakenly believed he had been convicted of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2014)) because he argued that his conviction was unconstitutional under *People v. Aguilar*, 2013 IL 112116 and *People v. Mosley*, 2015 IL 115872, which declared certain versions of the aggravated unlawful use of a weapon statute unconstitutional. *Aguilar*, 2013 IL 112116, ¶ 1; *Mosley*, 2015 IL 115872, ¶ 61. The trial court denied defendant's motion to vacate, finding that the AHC statute under which defendant was convicted was not unconstitutional and that defendant had the qualifying convictions to support his conviction for AHC.

¶ 7 In April 2021, defendant filed a *pro se* postconviction petition. Defendant argued that the State used his arson conviction, an offense he committed when he was 17 years old, to "qualif[y] [him] for Class X sentencing." Defendant argued that, under the law at the time of his 2016 guilty plea, his 2004 arson offense would have resulted in a juvenile adjudication, not a criminal

conviction that could support sentencing for Class X AHC. Defendant cited *People v. Miles*, 2020 IL App (1st) 180736, in support of this argument. He contended that counsel rendered ineffective assistance by allowing him to be sentenced as a Class X offender based on his juvenile arson offense and by failing to file a notice of appeal.

¶ 8     The trial court dismissed defendant's petition at the first stage, finding that it was frivolous and patently without merit. The court reasoned that defendant's arson conviction remained a criminal conviction for purposes of AHC, and that the sentencing court had no obligation to "reexamine what the predicate offense would 'now be' classified as." The court found that defendant "failed to show that his attorney's performance arguably fell below an objective standard of reasonableness as there was no legal basis to challenge [defendant]'s predicate conviction entered in 2005 when [defendant] pleaded guilty in 2016." Finally, the court concluded that defendant failed to establish prejudice because he could not "show that a decision to reject the plea offer would have been rational under the circumstances."

¶ 9     Defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, defendant contends that he raised an arguable claim of ineffective assistance of counsel. Essentially, defendant alleges that counsel allowed him to plead guilty to AHC without informing him that he may not have the predicate convictions to support a conviction for AHC. A 2014 amendment to the Juvenile Court Act provides that 17-year-olds can no longer be charged with or convicted of crimes as adults; rather, 17-year-olds accused of criminal offenses

now fall under the jurisdiction of the juvenile courts.[2] Compare 705 ILCS 405/5-120 (West 2012) and 705 ILCS 405/5-120 (West 2014). Defendant contends that, for purposes of determining qualifying predicate offenses for AHC, pursuant to the 2014 amendment, his arson conviction must be treated as a juvenile adjudication, and it cannot serve as a predicate conviction for AHC. On that basis, defendant suggests that counsel should have advised him against pleading guilty to AHC.

¶ 12 The Act provides a three-stage process for a defendant to assert that he suffered a substantial denial of his constitutional rights during criminal proceedings that resulted in his conviction. 725 ILCS 5/122-1(a)(1), 122-2.1(a), (b) (West 2020). In this case, the circuit court dismissed defendant's *pro se* postconviction petition at the first stage. At the first stage, the circuit court must dismiss the petition if it is "frivolous or is patently without merit" (725 ILCS 5/122-2.1(a)(2) (West 2020)), *i.e.*, if it has no arguable basis either in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable basis in law or fact if the claim is based on an "indisputably meritless legal theory" or its factual contentions are clearly baseless. *Id.* However, a petition need only state the " 'gist' " of a constitutional claim to survive first-stage scrutiny. *People v. Zumot*, 2021 IL App (1st) 191743, ¶ 20 (quoting *Hodges*, 234 Ill. 2d at 9). At the first stage, we construe *pro se* petitions liberally and take petitioners' allegations as true. *People v. Allen*, 2015 IL 113135, ¶ 25. We review the first-stage dismissal of a

---

[2]However, the Juvenile Court Act does provide for a 17-year-old offender to be prosecuted in, or have his or her case transferred to, criminal court under certain circumstances. 705 ILCS 405/5-120 (West 2014) ("[e]*xcept as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article*, no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State" (emphasis added)).

postconviction petition de novo (*People v. Hatter*, 2021 IL 125981, ¶ 23), meaning that we perform the same analysis as the trial court (*People v. Carlisle*, 2019 IL App (1st) 162259, ¶ 68).

¶ 13                                                    A. Forfeiture

¶ 14    Defendant did not file a direct appeal challenging his guilty plea or the denial of his motion to vacate his conviction. A defendant generally forfeits a postconviction claim that he could have raised on direct appeal but did not. *People v. Scott*, 194 Ill. 2d 268, 274 (2000). However, the State does not argue forfeiture, so it has forfeited defendant's potential forfeiture of his claim of ineffective assistance of counsel. See *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003). In addition, the rule of forfeiture is relaxed when facts relating to counsel's alleged ineffectiveness do not appear on the face of the record. *People v. Johnson*, 2011 IL App (1st) 092817, ¶ 70. That is the case here; defendant claims that counsel's ineffectiveness stemmed, in part, from caselaw that did not exist when defendant pled guilty in 2016 and from 2014 changes to the Juvenile Court Act. This case also involves the advice that counsel gave defendant prior to pleading guilty, which does not appear in the record. See *People v. Barkes*, 399 Ill. App. 3d 980, 986 (2010). Accordingly, we will consider defendant's claim on its merits.

¶ 15                          B. Juvenile Court Act Amendment and AHC

¶ 16    Before turning to defendant's postconviction claim of ineffective assistance of counsel, we review the current state of the law that governs his petition's underlying legal theory. As noted above, defendant contends that the 2014 amendment to the Juvenile Court Act effectively makes his arson conviction into a juvenile adjudication that cannot serve as a predicate

conviction for AHC.[3] That is, defendant could not have been convicted of, and should not have

pled guilty to, AHC in 2016 because he lacked two qualifying predicate convictions, which is an

essential element of AHC.

¶ 17    The AHC statute provides that "a person commits the offense of being an armed habitual

criminal if he or she receives, sells, possesses, or transfers any firearm after having been

convicted a total of 2 or more times of" (1) a forcible felony, (2) certain listed offenses including

aggravated battery with a firearm, or (3) Class 3 or higher felony drug offenses. 720 ILCS 5/24-

1.7(a)(1)-(3) (West 2014). An adjudication that a juvenile committed an offense is not a

conviction. *People v. Taylor*, 221 Ill. 2d 157, 182 (2006).

¶ 18    Before 2014, the Juvenile Court Act granted juvenile courts jurisdiction over an

individual charged with a criminal offense only if the accused was *under* 17 years of age. 705

ILCS 405/5-120 (West 2012). Defendant was 17 when he committed arson and was outside the

jurisdiction of juvenile courts, so he was charged with and convicted of arson as an adult. In

2014, the Act's jurisdictional provision was amended to include 17-year-olds. 705 ILCS 405/5-

120 (West 2014). The question is whether this amendment means that defendant's arson

conviction must, for purposes of AHC, be treated as a juvenile adjudication that cannot serve as a

predicate conviction for AHC. The plain language of the amendment indicates that it does not.

The amendment states that "[t]he changes made to this Section by this amendatory Act *** apply

to violations or attempted violations committed *on or after* the effective date of this amendatory

---

[3] Strictly speaking, defendant does not argue that the 2014 amendment itself retroactively converts his arson conviction into a juvenile adjudication for all purposes. Rather, he argues that predicate convictions for AHC must be evaluated under the state of the law at the time AHC is committed and, when he committed AHC in 2015, the law would have treated his commission of arson as a juvenile offense.

Act," which was January 1, 2014. (Emphasis added.) *Id.*; see also *People v. Richardson*, 2015 IL 118255, ¶ 10 (Juvenile Court Act amendment only applies to offenses committed on or after the effective date).

¶ 19    Nevertheless, courts have held that, for purposes of determining whether a defendant is eligible for Class X sentencing, under the 2014 amendment, prior criminal convictions must be treated as juvenile adjudications if the defendant was 17 at the time of the offense. See, *e.g.*, *People v. Miles*, 2020 IL App (1st) 180736, ¶ 11; *People v. Williams*, 2020 IL App (1st) 190414, ¶ 21. That is because the Class X sentencing statute requires a defendant to have two prior convictions for offenses that are *now* punishable as Class 2 or higher felonies (730 ILCS 5/5-4.5-95(b) (West 2016)), and offenses committed by 17-year-olds are not *now* punishable as felonies (*Miles*, 2020 IL App (1st) 180736, ¶ 11). The Fourth District disagreed with this conclusion. *People v. Reed*, 2020 IL App (4th) 180533, ¶ 24. Our supreme court resolved this by holding that the defendant's 2013 conviction for an offense committed when he was 17 years old was not a qualifying offense for Class X sentencing. *People v. Stewart*, 2022 IL 126116, ¶ 22.

¶ 20    Illinois courts have considered whether similar reasoning applies in the context of predicate convictions for AHC. In *People v. Gray*, 2021 IL App (1st) 191086, this court held that the defendant's narcotics conviction, committed in 2002 when he was 17 years old, could not serve as a predicate conviction for AHC. *Id.* ¶¶ 9-11. *Gray* reasoned that the narcotics offense, if committed in 2016, would have resulted in a juvenile adjudication, not a conviction, due to the 2014 amendment to the Juvenile Court Act, and AHC requires that if a predicate offense is a drug offense,  it must *currently* be punishable as a Class 3 felony or higher. *Id.* ¶¶ 11-15. This court reversed the defendant's AHC conviction. *Id.* ¶ 18. Our supreme court has granted leave to

appeal in *Gray*. *People v. Gray*, 199 N.E.3d 1171 (2022) (Table). Similarly, this court has found that the State had the burden of proving "that defendant had two qualifying adult convictions under the law in effect at the time of his [AHC] offense." *People v. Dawson*, 2022 IL App (1st) 190422, ¶ 48. The State failed to do so because the defendant committed AHC in 2017, after the 2014 Juvenile Court Act amendment, and his predicate convictions were robberies that he committed in 2013 at age 17, which would have resulted in juvenile adjudications under the law of 2017. *Id.* ¶ 11.

¶ 21 Other courts have taken the opposite view. For example, this court has held that the 2014 amendment did not convert a defendant's 2008 armed robbery conviction, committed when he was 17, into a juvenile adjudication for purposes of AHC. *People v. Wallace*, 2023 IL App (1st) 200917, ¶ 35. Similarly, the Fourth District has held that a defendant's 1983 burglary conviction could serve as a predicate offense for AHC in 2016 because "the fact that defendant was 17 years old when he committed the 1983 offense for which he was convicted is irrelevant – all that matters is that defendant had a conviction, and that conviction was for an offense described" in the AHC statute. *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶¶ 11, 20, 36.

¶ 22 The parties devote much of their briefs to arguing which line of cases we should follow. We need not resolve this split of authority or answer the substantive question of whether the 2014 amendment effectively makes defendant's arson conviction into a juvenile adjudication that cannot serve as a predicate offense for AHC. Rather, we must decide whether plea counsel rendered arguably ineffective assistance in 2016 by not making that argument and by allowing defendant to plead guilty to AHC without informing him that it was possible that the arson conviction could not serve as a predicate offense for AHC.

¶ 23                              C. Ineffective Assistance of Counsel

¶ 24     We now turn to the merits of defendant's ineffective assistance of counsel claim. A defendant is entitled to the effective assistance of counsel when entering a guilty plea. *People v. Brown*, 2017 IL 121681, ¶ 25 We review a challenge to a guilty plea based on alleged ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Lee*, 2023 IL App (1st) 211080, ¶ 24. "Under Strickland, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's substandard performance." *People v. Hall*, 217 Ill. 2d 324, 335 (2005). At the first stage of postconviction proceedings, a petition alleging ineffective assistance may not be dismissed if (1) it is arguable that counsel's performance fell below an objective standard of reasonableness and (2) it is arguable that the defendant was prejudiced. *Tate*, 2012 IL 112214, ¶ 19. An attorney renders objectively unreasonable performance when he or she commits errors so serious that the attorney essentially stops functioning as the counsel that the United States and Illinois constitutions guarantee. *People v. Taylor*, 2018 IL App (4th) 140060-B, ¶ 25. Counsel advising a defendant on a guilty plea must give correct advice on clear, straightforward, and readily verifiable legal issues. *Brown*, 2017 IL 121681, ¶ 27.

¶ 25     We find that counsel did not render arguably unreasonable assistance. In March 2016, there was no reason for counsel to think that the 2014 amendment to the Juvenile Court Act meant that defendant's arson conviction would be treated as a juvenile adjudication for purposes of AHC. The 2014 amendment to the Juvenile Court Act expressly stated: "The changes made to this Section by this amendatory Act *** apply to violations or attempted violations *committed on or after the effective date of this Act*," which was January 1, 2014. (Emphasis added.) 705 ILCS

405/5-120 (West 2014). A plain reading of this Section would indicate to counsel that it applied only to offenses committed on or after January 1, 2014, not to defendant's commission of arson in 2004 or his conviction for that crime in 2005.

¶ 26    Furthermore, caselaw at the time of defendant's guilty plea held that a conviction for an offense committed when a defendant was a minor remained a conviction for purposes of a habitual criminal conviction. Approximately a year before defendant's guilty plea in this case, our supreme court confirmed that the increase in age for Juvenile Court jurisdiction does not apply retroactively to offenses committed before its effective date. *Richardson*, 2015 IL 118255, ¶ 10. Older cases held that prior convictions for offenses committed when the defendant was a juvenile remained convictions for purposes of the habitual criminal statute. See, *e.g.*, *People v. Bryant*, 278 Ill. App. 3d 578, 586 (1996); *People v. Banks*, 212 Ill. App. 3d 105, 106-107 (1991). At the time of defendant's guilty plea, "case law squarely supported the principle that a conviction obtained when a criminal defendant was a minor could be used as a qualifying predicate offense and that a conviction is a conviction, regardless of the criminal defendant's age." *People v. Williams*, 2021 IL App (1st) 191615, ¶ 30. The first cases suggesting that the amendment to the Juvenile Court Act converted pre-amendment convictions into juvenile adjudications for purposes of sentencing and AHC were published four to five years after defendant's guilty plea. See, *e.g.*, *Miles*, 2020 IL App (1st) 180736; *Gray*, 2021 IL App (1st) 191086. We cannot fault counsel for failing to predict the existence of these decisions or for not telling his client about the possibility of favorable changes in the law when he would have no reason to suspect that they might happen. See *Wallace*, 2023 IL App (1st) 200917, ¶ 44 ("counsel is not incompetent for failing to accurately predict that existing law will change.").

¶ 27    This case is similar to *Williams*. In *Williams*, the defendant was convicted of AHC and UUWF following a bench trial in 2015. *Williams*, 2021 IL App (1st) 191615, ¶¶ 3, 30. The defendant filed a *pro se* postconviction petition arguing that his counsel rendered ineffective assistance by failing to argue that the defendant could not be convicted of AHC because one of his predicate convictions, aggravated vehicular hijacking, was committed in 2000 when he was 17 years old. *Id.* ¶ 4. The trial court dismissed his petition at the first stage. *Id.*

¶ 28    On appeal, the defendant made the same argument as defendant in this case: That, under *Miles, Gray*, and the 2014 amendment to the Juvenile Court Act, the offense he committed at 17 had to be treated as a juvenile adjudication that could not support his AHC conviction, and that counsel rendered ineffective assistance for failing to argue as much. *Id.* ¶ 7. This court affirmed the dismissal of the defendant's petition. *Id.* ¶ 1. We reasoned that counsel did not render unreasonable assistance because the language of the 2014 amendment and applicable caselaw at the time would have led a reasonable attorney to conclude that the amendment did *not* convert a pre-2014 conviction into a juvenile adjudication for purposes of AHC. *Id.* ¶¶ 26-27. We also explained that "*Miles* was decided five years after [the defendant]'s trial, and thus was not available to his trial or appellate counsel" and, at the time of trial, there was no "appellate decision foreshadowing or anticipating the reasoning in *Miles*." *Id.* ¶ 31. We concluded that, "[g]iven the state of the law at the time of [the defendant]'s 2015 trial and his direct appeal filed in 2016, *** his petition did not set forth an arguable claim that the performance of his trial and appellate counsel was objectively unreasonable." *Id.* That reasoning applies to this case.

¶ 29    Defendant argues that counsel should have, based on statutory language alone, advised defendant that he could not be guilty of AHC because he lacked the required predicate

convictions. That is not reasonable. As noted above, the plain language of the 2014 amendment said that it was *not* retroactive as to defendant's arson conviction. Nothing in the AHC statute suggested that defendant's arson conviction had to be evaluated under the law of 2015, when he committed AHC, or 2016, when he pled guilty. Rather, the AHC statute simply provided that a conviction for "a forcible felony as defined in section 2-8" of the Criminal Code of 2012 was a qualifying predicate conviction. 720 ILCS 5/24-1.7(a)(1) (West 2014). Arson was a forcible felony under section 2-8 in 2015 and 2016. 720 ILCS 5/2-8 (West 2014). Under the statutes in effect in 2015 and 2016, a reasonable attorney would have concluded that defendant's arson conviction was a qualifying predicate conviction for AHC.

¶ 30    While we expect attorneys to be informed about changes in the law, we do not expect criminal defense attorneys to advise clients not to take plea deals based on speculative legal theories unsupported by available legal authority. Had counsel advised defendant to reject the plea deal and proceed to trial, then moved to dismiss the AHC count based on the legal theory that defendant now advances, the trial court almost certainly would have asked for authority supporting that argument. At the time, there was none, and the 2014 amendment expressly said otherwise. Defendant likely would have been convicted of AHC and may have received a longer sentence than he did under the plea deal. While some attorneys may have advanced defendant's novel legal theory, we see no argument that counsel's actions were objectively unreasonable under the circumstances.

¶ 31    Defendant also contends that his postconviction claim is "arguable" because the state of the law regarding the 2014 Juvenile Court Act amendment for purposes of AHC is in flux, *i.e.*, some caselaw supports his theory that he lacks the predicate convictions for AHC. That may be,

but it does not mean that defendant has established that counsel arguably acted unreasonably in 2015, before any of that caselaw existed. The cases that defendant cites in support of this argument do not involve claims of ineffective assistance. See, *e.g.*, *People v. Zumot*, 2021 IL App (1st) 191743; *People v. Chambers*, 2021 IL App (4th) 190151. It is arguable that defendant, under the law of 2023, lacks the qualifying predicate convictions to be guilty of AHC, but it is not arguable that counsel provided objectively unreasonable assistance in 2016.

¶ 32    Accordingly, we find that defendant has not established arguably unreasonable performance by plea counsel, and we affirm the first-stage dismissal of his postconviction claim of ineffective counsel. We need not address the prejudice prong of the *Strickland* test because defendant cannot establish ineffective assistance without establishing that counsel rendered objectively unreasonable performance. See *People v. Cherry*, 2016 IL 118728, ¶ 24.

¶ 33                                          III. CONCLUSION

¶ 34    For the foregoing reasons, we affirm the first-stage dismissal of defendant's postconviction petition alleging ineffective assistance of counsel.

¶ 35    Affirmed.